## Jane A. Merrill v. Jehiel H. Montgomery.

*Motion: Order: Practice in circuit court.* An order upon motion will be presumed to have been made in court and not out of court, although not entered on the daily journal, where the judge appends to the motion in the motion book the certificate "*Granted. B. F. G., Circuit Judge.*" This practice is recognized as having long prevailed at the circuit in regard to motions.

*Corporations: Service: Statutes construed.* The statutes allowing corporations to be sued within three years after the expiration of their charters and enumerating the officers on whom service may be made, bring them within the same rules that apply to existing corporations in case such officers do not exist or cannot be found, and allow the same proceedings to obtain substituted service. —(*Comp. L., 1857,* §§ *4836, 4838.*)

*Substituted service.* Where jurisdiction is obtained by substituted, in lieu of actual, service, the statutes must be strictly complied with or the proceedings cannot be sustained.

Where a charter does not require an officer to reside in the county where the corporate business is done, and does require him to reside in the state, an affidavit that none of the officers named in the statute on whom service should be made, reside in the county, will not be sufficient, without further proofs to justify the inference that they cannot be found in the state.

25 MICH.—10.

MERRILL v. MONTGOMERY.

Whether full proof that they are not to be found when a suit is commenced, will justify substituted service without either a reasonable delay, or clear proof that they are not likely to come within the jurisdiction within a reasonable time:—*Quære?*

Proof that S. K. was a former president "and the only president thereof to the knowledge or belief of this deponent," is no proof that he continued president, unless the deponent further shows that he has adequate knowledge on the subject; unless he was in a situation making it evident that a change in the office would be known to him, such an affidavit is entirely ineffectual.

*Conveyance: Corporate seal: Acknowledgment.* A conveyance sealed by the corporate seal, and signed by the president and cashier, need not, in the absence of any special evidence, be acknowledged on behalf of the corporation by any one but the cashier. The object of the acknowledgment is to ascertain whether it is the act of the corporation, which, where there is nothing to the contrary, must be assumed to be properly manifested by the affixing of the seal by .the officer charged with its custody. *Benedict v. Denton, Walk. Ch. 336,* approved.

*Heard April 16 and 17. Decided April 30.*

Error to Calhoun Circuit.

*Brown & Patterson* and *C. I. Walker,* for plaintiff in error.

*D. Darwin Hughes* and *Samuel T. Douglass,* for defendant in error.

CAMPBELL, J.

Ejectment is brought upon an execution title under a judgment in favor of Montgomery against the bank of Calhoun county, and the most important question involved is whether the judgment was valid.

The declaration against the bank was filed March 16, 1858. On the same day an order for substituted service was made upon a showing that ordinary service could not be made. It is claimed that this order was not valid.

The first objection is that it was not made by the court, but by the judge. It appears in the form of a motion in the special motion book, with a memorandum as follows: "Granted. B. F. Graves, Cir. Judge." Although an entry on the journal would be more regular, yet the practice of deciding motions in this way is quite common

at circuit, and is never, so far as we know, resorted to except when the court. is sitting. We think it must be assumed to be the action of the court.

As the charter of the bank was a public law and expired in 1857, the regular service upon it, during the three years allowed for suits, must be, under *Compiled Laws, section 4836,* upon either of the persons who may have been "the last presiding officer, president, cashier, secretary, or treasurer," as in the case of active corporations it should be on the existing officers of those designations. Inasmuch as in all cases the regular service is on the same class of officers, we think the provisions for substituted service, where such officers cannot be found, must be held to apply as well in the one case as in the other, and to reach corporations acting and not acting. The sections harmonize in this way, and no intention appears to exempt one corporation more than another from service of process. *Section 4835* provides that "if there be no such officer, or none can be found, such service may be made on such other officer, or member of such corporation, or in such other manner as the court in which the suit is brought, may direct." We think the inability to find the actual and the last officers in the two several cases authorizes the same proceedings.

Where service is made in any but the ordinary ways, the rule has always been that its regularity must appear, and unless the facts on which it appears to have been allowed are such as would make it come within the statutory conditions, it cannot be maintained. All extraordinary means of getting jurisdiction must be conformed to the legal authority.—*Webster v. Reid, 11 How. R., 437; Platt v. Stewart, 10 Mich. R., 260, and cases cited.* In this case the jurisdiction depends on certain affidavits.

The statutory condition is, "if there be no such officer, or none can ·be found."

The affidavit shows that, "there is no officer of said corporation residing in this county," except two persons shown to have been directors. This part of the affidavit is positive in form. But it does not say no officer is to be *found*, either in or out of· the county. The charter requires the president and directors to reside, not in the county but in the state; and by leaving the state to reside, their offices seem to be treated as *ipso facto* vacated.— *Charter* § *5, L. 1836, p. 218.* Nothing is said concerning the residence of other officers. As it is quite common for corporation officers to reside in a different county from that where the office is kept, and yet to be found there, non-residence does not satisfy the statute.

There is a very serious inquiry, what showing will justify an inference that an officer is not to be found. The filing of the declaration, and showing cause, and granting the order in this case, were all contemporaneous. The statute contemplates some diligence in searching for the persons to be served after, and not before, suit brought. If suit had been commenced by summons or other writ there could be no immediate return of *non est inventus*. Unless such a state of facts should be shown as to indicate that there was no reasonable probability that such officers could be found, some effort, at least, should be made to find them, and it should appear in any case that inquiries had been made in such a way as to be likely to elicit the truth. For any thing that appears, the proper officers might all have been in the state and near by.

The affidavit of service on Sidney Ketchum might have remedied this defect if it appeared that he was the last president or presiding officer. It simply says he was formerly

the acting president, "and the only president thereof to the knowledge or belief of this deponent." But it does not appear what means of knowledge the deponent had. An officer, when he makes a return, assumes the responsibility of identifying the party served. But when service is made by a private person, unless he swears he has knowledge, he should show, at least, on what he based his belief. Any one, with or without knowledge, could make such an affidavit as that made here.

We think there is no valid order of substituted service, and no sufficient proof of regular service. But the question was not discussed on the argument, whether proof *aliunde* could be made of the official character of Ketchum, or whether the return can be amended, and we shall not pass upon that point now.

This makes it necessary to consider whether the court below was right in excluding evidence from the records, of a mortgage from the bank, under which defendants below claimed title. The mortgage purported to be sealed with the corporate seal, and signed by the president and cashier; but acknowledged by the cashier only. It was held in *Benedict v. Denton, Walk. Ch. R., 336,* that the corporate seal is presumptive evidence of valid corporate authority. It is the seal which completes the corporate contract, and the acknowledgment is to be made by the person representing the corporation in that act. Presumptively, if the seal is evidence of authority, the cashier, who is usually keeper of the seal, must be the proper person to affix it, and the act or acknowledgment of any other person would be superfluous. The object of acknowledgment is to obtain an official recognition of the person whose act gives the deed its corporate character as an act of the bank. And we think no other acknowledgment was necessary until it

should appear he had no right to act by himself. The record should have been received.

The judgment must be reversed, with costs, and a new trial granted.

CHRISTIANCY, CH. J., and COOLEY, J., concurred.

GRAVES, J., did not sit in this case.