## Jehiel H. Montgomery v. Jane A. Merrill.

*Amendments: Record: Extrinsic showing: Notice to adverse party.* The power to amend is a highly valuable one, and ought not to be limited beyond what is necessary to keep it within safe bounds; and where the record itself furnishes the data for the required amendment, great liberality should be allowed; but where the amendment is to be made on an extrinsic showing, all practical precautions should be observed that no one be wronged by the action taken; and there ought always in such case, where practicable, to be notice to the party adversely interested, and especially where the proceedings are ancient.

*Amendments: Party adversely interested: Notice.* Where an amendment is sought to the proof of service of process, in order to make the record show jurisdiction of the defendant, so as to give validity and force to the judgment rendered in the cause, for the purpose of making use of the same in another suit, to sustain rights claimed to have been derived under the judgment, the party adversely interested in such latter suit is entitled to notice.

*Amendments: Intervening rights of third parties.* In general such amendments are not suffered to affect rights which third parties may have acquired while the proceedings remained defective.

*Defective proceedings: Application to amend: Long delay: Excuse.* An application for leave to amend, which is not made until seventeen years after the defective proceedings were had, comes too late; and the fact that the defect was not discovered until after the lapse of a considerable portion of this delay, does not help the matter where there has been a further delay after such discovery of three years and more, which is

MONTGOMERY v. MERRILL.

only excused by a showing that the circuit judge had been of counsel in the case and was incompetent to hear an application. The utmost promptness is required when application is to be made to correct errors in the record.

*Judgment: Record: Jurisdictional defects: Parol evidence.* Where the record of the judgment in another cause is introduced in evidence in a cause, parol evidence is not admissible to supply jurisdictional defects. The record must be complete in itself.

*Heard January 12 and 16. Decided April 4.*

Error to Calhoun Circuit.

*Woodruff & Clapp, F. A. Stace* and *D. D. Hughes,* for plaintiff in error.

The proof of service was amendable after judgment by showing the necessary facts, even without notice: *Crawford v. Howard,* 30 *Me.,* 423; *State v. Clark,* 18 *Mo.,* 432; *Blaisdell v. Steamboat,* 19 *Mo.,* 157; *Kitcher v. Reinsky,* 42 *Mo.,* 427; *Webster v. Blount,* 39 *Ill.,* 500; *Whittier v. Vaughn,* 27 *Me.,* 301; *Foster v. Woodfin,* 65 *N. C.,* 29; *Mayo v. Whitston,* 2 *Jones (N. C.),* 231; *Jackson v. O. & M. R. R. Co.,* 15 *Ind.,* 192; *Jones v. Lewis,* 8 *Ind.,* 70; *Montgomery v. Brown,* 7 *Ill.,* 581; *Hall v. Williams,* 10 *Me.,* 278; *Close v. Gillespie,* 3 *Johns.,* 526; *Kirkwood v. Reidy,* 10 *Kan.,* 453; *Chichester v. Cande,* 3 *Cow.,* 39, and note; *Branker v. Molyneaux,* 4 *M. & G.,* 226.

The order to amend is valid, though irregular, till set aside: *Fassett v. Talmadge,* 15 *Abb.,* 205; *Morrison v. Austin,* 14 *Wis.,* 556; *Thompson v. Kimball,* 46 *Ga.,* 528; *De Armond v. Adams,* 25 *Ind.,* 450; *Harrington v. Wofford,* 36 *Miss.,* 31; *Hamilton v. Seitz,* 25 *Penn. St.,* 226.

And even if notice in such case was requisite and omitted, the court will not disturb the order if it was one that should have been made: *Wooster v. Glover,* 37 *Conn.,* 315; *Thompson v. Kimball, supra; Allen v. Bideau,* 35 *Ia.,* —; *Miller v. Perry,* 38 *Ia.,* 301; *Sweeney v. Gulick,* 67 *Ill.,* 208; *Berry v. Love,* 1 *Wood.,* 120; *Hall v. Williams,* 10 *Me.,* 278.

It was competent to move to amend and perfect the proof on trial: *Williamson v. Kincaid,* 4 *Dall.,* 20; *Course v. Stead, Id.,* 22; *U. S. v. Brig "Union,"* 4 *Cranch,* 216; *Arnold v. Nye,* 23 *Mich.,* 286; *Mayo v. Whitston, supra.* It was competent to prove by affidavit the service, and the fact of the cessation of the bank's continued organization, and that Sidney Ketchum was its last president: *Young v. Thompson,* 14 *Ill.,* 369; *Harrington v. People,* 6 *Barb.,* 607; *Foreman v. Carter,* 9 *Kan.,* 674. It was competent to prove the jurisdictionary facts *viva voce* on the trial: *Van Deusen v. Sweet,* 57 *N. Y.,* 379; *Frink v. Frink,* 43 *N. H.,* 508; *Weed v. Weed,* 25 *Conn.,* —; *Talman v. Ely,* 6 *Wis.,* 244; *Thompson v. Blackhurst,* 29 *O. L.,* 313; *Farm-*

*ington v. Sommersworth, 44 N. H., 589; Jenks v. Stebbins, 11 Johns., 224; Jolly v. Toltz, 34 Cal., 321; Freeman on Judgments, 518.* See also *Burrows v. Bailey, 34 Mich., 64.*

A court of general jurisdiction, when acting under a special statutory one, not according to the course of the common law, and when no statutory provision exists for showing the facts upon the record, is regarded as a court of limited jurisdiction, and its jurisdiction may be shown upon the trial like any other fact: *Foot v. Stevens, supra; 1 Smith's L. Cases, 876; Thompson v. Blackhurst, 1 M. & N., 266; Arnold v. Nye, supra; Noyes v. Butler, 6 Barb., 613; Van Deusen v. Sweet, supra.* Neither is it an available objection in this case that an amendment or proof *aliunde* was not offered in a previous stage of the case. There is no showing of any intervening rights since the judgment in 1858; and if there were, the return as it stood before amendment was notice to put one about to purchase upon inquiry.

If the defendant, by consequence of the denial of the amendment of proof of jurisdiction *aliunde,* would come in by prescription, as is asserted, but not admitted, then the amendment and the proofs should be allowed for that reason: *Horton v. Inhab. of Stamford, 1 C. & M., 773; 1 M. & W., 316; Dartnall v. Howard, 2 Chitty, 28.*

*C. I. Walker,* for defendant in error.

The power of amendment in a court of record is very broad, for the purpose of promoting justice, and it may be exercised after the lapse of many years: *Herman on Ex., 397–9; Avery v. Brown, 39 N. H., 393.* It has, however, been held that after the lapse of six years it was a proper exercise of the discretion of the court to refuse such amendment, even as between the parties: *Thatcher v. Miller, 11 Mass., 413; Thatcher v. Miller, 13 Mass., 269.*

There are many obvious limitations to the power of courts thus to alter their solemn records. One is, that it may not be done without notice to the other party to the record: *Freeman on Judgments,* § *72; Hermann on Ex., p. 398; Whitwell v. Emery, 3 Mich., 89; Emery v. Whitwell, 6 Mich., 488, 492; Dennison v. Smith, S. C., January Term, 1876, Michigan Lawyer, No. 2, p. 13; Dorsey v. Pierce, 6 Miss., 173; Means v. Means, 42 Ill., 50; McGlaughlin v. O'Rourke, 12 Iowa, 459; Wilkie v. Hall, 15 Conn., 32; Green v. State, 19 Ark., 637; Martin v. Burt, 20 Ark., 636.*

Nor even then will it be done in a case like this, where the service was not personal, but constructive and statutory, unless the record at the time shows a compliance with the statute,

the court acquires no jurisdiction: *Greenvault v. F. & M. Bank,* 2 *Doug.,* 508; *Wilson v. Arnold,* 5 *Mich.,* 105; *Lot Two v. Sweetland,* 4 *Green, Iowa,* 466; *Tunis v. Whitman,* 10 *Iowa,* 305; *Hodson v. Tibbits,* 16 *Iowa,* 97; *Brau v. Arrington,* 22 *Ark.,* 362.

Nor when the original defendant is dead, or has ceased to have an interest in the matter, as in case of bankruptcy: *Phillips v. Tannin,* 6 *Bing.,* 237; *Hunt v. Pasmore,* 4 *M. & S.,* 329; 6 *N. H.,* 460.

Nor can an amendment be made to affect the rights of third parties: *Freeman on Judgments,* § 74; *Hermann on Ex.,* p. 56; *Inman v. Hurst,* 2 *New. R.,* 133; *Greenvault v. F. & M. Bank,* 2 *Doug.,* 514; *Emerson v. Upton,* 9 *Pickering,* 167; *Hovie v. Waite,* 17 *Pickering,* 199; *Howard v. Turner,* 6 *Greenleaf,* 106; *Means v. Osgood,* 7 *Greenleaf,* 148; *Bannister v. Higgins,* 16 *Maine,* 73; *Pierce v. Strickland,* 25 *Maine,* 289; *Ohio L. & T. R. Co. v. Urban Ins. Co.,* 13 *Ohio,* 221; *McCormack v. Mellish,* 36 *Ill.,* 114; *Thompson v. Kimbry,* 46 *Ga.,* 534; *Dawson v. Cowan, Dev.,* 304; *Cape Fear Bank v. Wilson,* 2 *Iredell,* 148; *Williams v. Sharp,* 70 *N. C.,* 584; 4 *N. H.,* 116; 39 *N. H.,* 377; 7 *Ill.,* 164.

We insist, therefore, that the record, as thus amended, was rightly rejected, for the reasons suggested: (1) This is not one of the cases where an amendment essential to showing jurisdiction can be made, the service upon the defendant being statutory, not actual; (2) The defendant has ceased to exist, and no amendment can therefore be made; (3) The amendment was made without notice, which is never admissible; (4) It was made at too late a period; (5) The amendment affects the rights of defendant, who is no party to the record.

The court having rejected the amended record as evidence in the plaintiff's title, the plaintiff then offered to prove a proper service upon the bank by a service upon its last president, in three several ways: *first,* by affidavits taken in the case of *Montgomery v. The Bank,* already filed in that case, and upon which the motion to amend was based; *second,* by new affidavits made by the same parties to the same effect; *third,* by the oral evidence of Judge Woodruff, who made the original service, that said Ketchum was the president of the bank.

We think it clear beyond all question that the validity of this judgment must rest upon the record; that it cannot be helped out by parol testimony, or by any testimony save that of the record itself. The record can neither be contradicted nor in any way affected by parol evidence: *Herman on Ex.,* p. 391; *Allan v. Carpenter,* 15 *Mich.,* 33; *Gardener v. Hosmer,* 6 *Mass.,* 328; *Wellington v. Gale,* 13 *Mass.,* 483, 487; *Bannister v. Higgins,* 16 *Maine,* 73; *Metcalf v. Gillett,* 5 *Conn.,* 400; *Sheldon v. Comstock,* 3 *R. I.,* 84; *Sullivan v. Blackwell,* 28 *Miss.,* 637; 6 *Barb.,* 607.

COOLEY, CH. J:

This case has twice before been in this court: *Montgomery v. Merrill, 18 Mich., 338; Merrill v. Montgomery, 25 Mich., 73.* It is an action of ejectment brought for lands which the plaintiff claims under an execution sale on a judgment against the Calhoun County Bank. The defendant is in possession, and though the nature of her claim is not disclosed by this record, it appeared when the case was before us in the first instance that she claimed under proceedings against the bank ante-dating the plaintiff's judgment. The only questions which the present record brings up are: *First,* The validity of an amendment made to the record of plaintiff's judgment in order to show that the court had jurisdiction to render it; and *second,* whether, if the amendment was not admissible, the facts upon which it was made could be shown on the trial in order to sustain the jurisdiction of the court which rendered the judgment.

The charter of the Calhoun County Bank expired in 1857, but by statute the bank was continued in existence for three years longer for the purpose of winding up its concerns. The suit in which the plaintiff obtained his judgment was commenced in 1858, after the bank had ceased to do business. Service of the declaration was made upon persons who, the attorney showed by affidavit, he was informed and believed were the last president and two of the last directors of the bank. This showing was held insufficient to warrant such service; a positive showing of facts being requisite when an exceptional service is to be made.—*Merrill v. Montgomery, supra.* After the decision to that effect had been made by this court, the plaintiff made an *ex parte* application in the court below for leave to amend by making the positive showing that should have been made in the first instance, and this was granted August 3, 1875. The showing consisted in affidavits that Sidney Ketchum, one of the parties upon whom service of the declaration was made, was the last president of the bank. That showing, if originally made, would have been sufficient to support the judgment.

When the cause went to trial again, this amended record was offered in evidence, objected to and rejected on the ground that the amendment was unwarranted.    The plaintiff then offered to show, by affidavits and parol evidence, that Ketchum was in fact the last president of the bank, and he claimed that such a showing would sustain the service on Ketchum and support the action of the court in rendering judgment upon it.    This offer was rejected, and the plaintiff being then unable to support his title, judgment passed against him.

Counsel for the plaintiff have been very diligent in collecting cases to show how liberal have been the rulings of the courts in permitting amendments in support of their proceedings and in furtherance of justice.    The power to amend is a highly valuable one, and we should not willingly see it limited beyond what is necessary to keep it within safe bounds.    So many errors occur through inadvertence or the carelessness of officers that some power of correction is absolutely essential, and the errors occur under such a variety of circumstances and differ so greatly in the manner in which they affect interests when discovered, that it is not safe to lay down any very strict rules regarding the time and the manner of permitting amendments.

Where the record itself furnishes the data for the required amendment, great liberality should be allowed, because the danger of injustice in permitting amendments is very slight.— *Emery v. Whitwell, 6 Mich., 474.*    But where the amendment is to be made on an extrinsic showing, all practicable precautions should be taken that no one be wronged by the action of the court; and as most facts are susceptible of contradiction, there ought always when practicable to be notice to the party adversely interested, in order that he may have the opportunity to make a counter showing.    And the more ancient are the proceedings, the greater is the importance of giving this notice, because the danger of a false showing increases as the distance in time from the facts increases.

In *Denison v. Smith, 33 Mich., 155,* it was decided

that a party who would be affected by an amendment of proof of service could not be bound by one which was made *ex parte.* The right to notice in such cases is affirmed by *Mr. Freeman* in his treatise on *Judgments,* § 72, who cites cases in its support. It is also recognized tacitly by the great majority of all the cases cited by the plaintiff's counsel on the argument, for the amendments sanctioned by them were made on notice and after a hearing. We refer to the following as cases which either expressly affirm the right or tacitly recognize it.—*Chichester v. Cande,* 3 *Cow.,* 39; *Hamilton v. Seitz,* 25 *Penn. St.,* 226; *Willie v. Hall,* 15 *Conn.,* 32; *Weed v. Weed,* 25 *Conn.,* 337; *Farmington v. Somersworth,* 44 *N. H.,* 589; *Den v. Fen,* 12 *N. J.,* 321; *Hill v. Hoover,* 5 *Wis.,* 386; *Gillett v. Robbins,* 12 *Wis.,* 319; *McGlaughlin v. O'Rourke,* 12 *Iowa,* 459; *Blaisdell v. Steamboat,* 19 *Mo.,* 157; *Webster v. Blount,* 39 *Mo.,* 500; *Jackson v. O. & M. R. R. Co.,* 15 *Ind.,* 192; *Young v. Thompson,* 14 *Ill.,* 380; *Means v. Means,* 42 *Ill.,* 50; *Dorsey v. Pierce,* 6 *Miss.,* 173; *Alexander v. Stewart,* 23 *Ark.,* 18. The requirement of notice is only a matter of common right in such cases, for the party is condemned unheard if an amendment is allowed which gives to the proceedings an effect adverse to his interests which they did not have before, without his being allowed the opportunity to dispute and disprove the grounds of the action. In a few cases amendments made on an *ex parte* showing have been supported, but we cannot regard them as consistent with principle.

But it is said that the bank having gone out of existence, there was no one upon whom notice could be served. Whatever force there might be in this excuse in some cases, it could have none under the facts of this case. The amendment was desired for the purpose of controlling this very case, and this defendant was the party to be affected by it. She was the party, and so far as we know the sole party interested adversely to the amendment, and as this was perfectly well known to the plaintiff, the duty to give notice was apparent. This seems to us a fatal defect; we cannot

assume that the defendant, if allowed the opportunity, might not have disproved the showing which was made. At any rate she should have been allowed the opportunity. In general such amendments are not suffered to affect rights which third parties may have acquired while the proceedings remained defective,—*Freeman on Judgments, § 74; Herman on Executions, 56;* but if the defendant's rights, such as they are, accrued previous to the judgment, probably she would not be within the protection of this principle. Her right to notice, however, is at least as good as would have been the right of the bank if still in existence.

Another objection seems to us fatal. The application for leave to amend was not made until seventeen years after the service had been made. If it be urged that the delay in the application was because the defect was not discovered until the case was last in this court, the case is helped but little, for even then there was a delay of three years, which is only excused by showing that the circuit judge had been of counsel in the case and was incompetent to hear an application. But with other circuit judges within easy reach at any time we cannot attach much importance to this fact. The matter had been delayed longer than is now necessary under our laws to bar a right of entry; and it is the party's misfortune if he has lost rights in consequence. The utmost promptness is required when application is to be made to correct errors in the record.—*Rogers v. Rogers, 1 Paige, 188.*

We think also that the court was right in rejecting the evidence offered by the plaintiff on the trial to show that Sidney Ketchum was in fact the last president of the bank. Jurisdictional facts cannot rest in parol, to be proved in one case and disproved, perhaps, in another. The record must be complete in itself.

The judgment must be affirmed, with costs.

CAMPBELL and MARSTON, JJ., concurred.

GRAVES, J., did not sit in this case. ·