## HENNING *v.* PLANTERS' INS. CO.

*(Circuit Court, W. D. Tennessee. August 30, 1886.)*

1. FOREIGN JUDGMENT—SUIT AGAINST FOREIGN CORPORATION—WHAT THE RECORD MUST SHOW.

   It is a rule of interstate or international law that the courts of another state will not receive, as evidence of a foreign judgment, in a suit brought upon it, any record thereof which does not show on its face that the defendant, if a foreign corporation, was doing business in that state. This is a substantive jurisdictional averment that must affirmatively appear, and not be left to any inference from the bare return of the officer that he has served an "agent."

2. SAME—PROOF ALIUNDE THE RECORD NOT AVAILABLE TO CURE THE DEFECT.

   Nor can parol or other proof of the fact be received in aid of the defective record, if the averment does not appear therein.

At Law.

This was an action upon the judgment of a state court in Illinois, and the facts are stated in the opinion. It appears by the proof which was rejected that the defendant company issued the policy of insurance through a broker at Chicago, and that it had issued many other policies through that and other brokers; the business all being done by mail, and the policies sent to and delivered at Chicago. The company did not comply, nor attempt to comply, with the statutes of Illinois regulating the business of foreign insurance companies in that state, and appointed no agent to receive service as required. The agent served was the broker through whom the policy was issued, and he had then ceased, in fact, to be a broker for defendant, though whether he had ceased to be an "agent" for the service of process was a contested fact, or inference of fact, depending on the phraseology of the Illinois statutes.

The defendant pleaded a special plea, denying that it was doing business in the state, or that the broker was its agent, and averring that the judgment was void, to which the plaintiff replied, and issue was joined; the plaintiff offered in evidence the record, which was objected to, and depositions, to show the facts already stated. The

defendant offered proof to show that Mitchell was only its broker in each transaction, etc.   The case was submitted, upon stipulation, to be tried without a jury.

*Ellett & Houston,* for plaintiff.

*T. B. Turley,* for defendant.

HAMMOND, J.   On the authority of the case of *St. Clair* v. *Cox,* 106 U. S. 350, S. C. 1 Sup. Ct. Rep. 354, it is my opinion that the judgment here must be for the defendant company.   Mr. Justice FIELD there says:

"It is sufficient to observe that we are of opinion that, when service is made within the state upon an agent of a foreign corporation, it is essential, in order to support the jurisdiction of the court to render a personal judgment, that it should appear somewhere in the record—either in the application for the writ, or accompanying its service, or in the pleadings, or the finding of the court—that the corporation was engaged in business in the state.   The transaction of business by the corporation in the state, general or special, appearing, a certificate of service by the proper officer on a person who is its agent there, would, in our opinion, be sufficient *prima facie* evidence that the agent represented the company in the business.   It would then be open, when the record is offered as evidence in another state, to show that the agent stood in no representative character to the company; that his duties were limited to those of a subordinate employe, or to a particular transaction; or that his agency had ceased when the matter arose.

"In the record, a copy of which was offered in evidence in this case, there was nothing to show, so far as we can see, that the Winthrop Mining Company was engaged in business in the state when service was made on Colwell.   The return of the officer, on which alone reliance was placed to sustain the jurisdiction of the state court, gave no information on the subject. It did not, therefore, appear even *prima facie* that Colwell stood in any such representative character to the company as would justify the service of a copy of the writ on him.   The certificate of the sheriff, in the absence of this fact in the record, was insufficient to give the court jurisdiction to render a personal judgment against the foreign corporation.   The record was therefore properly executed."

The return thus declared against was that the officer had served a copy of the writ "by delivering the same to Henry J. Colwell, Esq., agent of said Winthrop Mining Company, personally, in said county." Here the return is:

"Served this writ upon the within-named defendant, the Planters' Insurance Company, by delivering a copy thereof to and leaving same with Charles P. Mitchell, agent of said company, this fifteenth day of January, 1885; the president of said company not found in my county this fifteenth day of January, 1885."

We look in vain for any suggestion, even, in the record that the defendant was, at the time of bringing the suit, or that it had been theretofore, "doing business" in the state of Illinois.   The *præcipe* does not suggest it, nor the writ, nor the return of service.   From these it does not even appear that the defendant was a corporation foreign to the state of Illinois; and for all that is shown it might be a home corporation, as no distinction is intimated by the language

used; it being simply, in common form, a suit against the Planters' Insurance Company,—whether a corporation or a partnership is not stated. The declaration does aver that the defendant is "a corporation organized and existing under the laws of the state of Tennessee, and having its principal office or place of business at Memphis, in said last-named state, and which has been duly summoned of a plea of trespass on the case upon promises," etc.; but nowhere is it even hinted that the defendant, so shown to be beyond the jurisdiction of the state, is "doing business" within it. The statement of the cause of action does not aid us in the least. It is not shown, even, that the plaintiff, or the firm of which he was receiver, were citizens of Illinois, nor that the policy was executed or delivered there, nor that there was the least connection between the transaction and the state of Illinois, or persons within it, before or since, except the bare fact of the suit itself. The policy is set out *in hæc verba* in the declaration; and if we may look to this, which is doubtful, it appears to have been on its face a Tennessee contract, for it is stated to have been signed and sealed in the city of Memphis, and there is absolutely nothing to show but that all parties to it were in Memphis at the time. The property insured was in the state of Minnesota, so that we are without the least trace of any fact to show that the defendant company had, either in this particular transaction or any other, the least possible relation to the state of Illinois.

The judgment of the court is equally barren. It is a judgment by default, and the assessment of damages at $2,600, as if upon a suit against an individual upon personal service. It is all left to inference, based on the return of the sheriff that he had served defendant's agent, that this foreign corporation was "found" or "doing business" within the state of Illinois. But we have seen that, according to the supreme court of the United States, this inference will not do, and Mr. Justice FIELD makes the reason plain. An individual is always "found" where he is served, and cannot be served without such "finding," but a corporation is not, necessarily.

The sheriff may choose to serve anybody as agent; and wherever the suit be brought he could assume that any convenient person was "agent;" and if that simple return imports that the foreign corporation was "doing business" within the state, and that the person served was a proper "agent" to represent it, the whole jurisdiction would depend upon what may be a fallacious inference; for, in the nature of the thing, it does not essentially import that fact. Abstractly, perhaps, the same might be said of a service on agents or officers of a domestic corporation; but in that case there is a judicial knowledge, so to speak, of the corporations of the state, as to any particular corporation being engaged in business, as to the requirements of service on corporations, and the character of their organization and officers, which aids the service. Here—and particularly in this case, for I have shown that every suggestion of this record is against

the notion that this company was doing business or that this transaction was within the state—the substantive fact to support the service, that the corporation, namely, was "doing business," or was "found" doing business, in the state, is wholly wanting in this record, and cannot be supplied by that sort of general knowledge of which I have spoken as existing in relation to domestic concerns. It is a general rule that a special jurisdictional fact outside the ordinary and intrinsic situation of the thing shall be specially averred in pleading, and certainly that which is contrary to that ordinary course of things should be averred, to give the court knowledge of the fact. Of course, a pleader need not state his evidence in the pleading, but he must aver the conclusion of fact in some form sufficient to show it, however generally. Precisely how this averment should be alleged or shown by the record may be difficult to say, for it is a remarkable fact that until 1872, when the case of *Newby* v. *Von Oppen*, L. R. 7 Q. B. 293, occurred, there was never any suit against a foreign corporation in a court of law in England. Reasoning by analogy from the practice of averring the jurisdictional facts as to the citizenship of the parties to a suit in the federal courts, it might be enough to simply aver the general fact that the defendant "is doing business within this state" in the declaration, or elsewhere in the technical record.

Nor can the want of such averment or showing in the record as the supreme court demands be supplied by proof *aliunde* the record, offered at the trial of the subsequent suit predicated on the alleged judgment. The defects of the record cannot be so pieced or patched up by parol.

Mr. Justice COOLEY says in *Montgomery* v. *Merrill*, 36 Mich. 97, S. C. 25 Mich. 73:

"We think, also, that the court was right in rejecting the evidence offered by the plaintiff on the trial to show that Sidney Ketchum was in fact the last president of the bank. Jurisdictional facts cannot rest in parol, to be proved in one case, and perhaps disproved in another. The record must be complete in itself." 1 Whart. Ev. (2d Ed.) § 824.

Nor is this a case of local Illinois law, to be binding here if binding there. This judgment might be good there, and not good here, in this proceeding. as evidence of its existence. Mr. Justice GRAY well expresses the rule on that subject in *Hart* v. *Sansom*, 110 U. S. 151, S. C. 3 Sup. Ct. Rep. 586, where he remarks:

"The courts of the state might perhaps feel bound to give effect to the service made as directed by its statutes. But no court deriving its authority from another government will recognize a merely constructive service as bringing the person within the jurisdiction of the court. The judgment would be allowed no force in the courts of any other state, and it is of no greater force, as against a citizen of another state, in a court of the United States, though held within the state in which the judgment was rendered." Id. 155.

And see *Town of Pana* v. *Bowler*, 107 U. S. 529, 545; S. C. 2 Sup. Ct. Rep. 704.

It is an international or interstate consideration as affected by our constitution. Article 4, § 1. · The court started out, under the lead of Mr. Justice WASHINGTON, to construe that requirement into a rule of absolute verity for all judgments of another state, and respectable and high authority is not wanting to show that such is the proper international doctrine; but in the conflict over the point, not settled when our constitution was made, there has been evolved a general consensus of opinion that the courts of another state will not give effect to the judgment unless it appear by the record that the court had potential jurisdiction over the person of the defendant; and, if the record show that,—which this does not,—then the defendant may contradict it by proof, in order to save his rights of "natural justice," whatever that may mean. Whart. Confl. Laws, (2d Ed.) § 646 *et seq.; Moulin* v. *Insurance Co.*, 24 N. J. Law, 222; S. C. 25 N. J. Law, 57. And it will be found from the cases cited that, beginning with *Pennoyer* v. *Neff*, 95 U. S. 714, the supreme court has vigorously laid hold of this rule with a deliberate purpose to protect in the most thorough manner all non-residents against judgments where there is no personal service, except so far as the state rendering them has property within its borders to satisfy them by its own execution of them. Elsewhere, except to that extent, they are utterly void. This case of *St. Clair* v. *Cox, supra,* is one of the series, and it establishes, as an element of this protection, that, when foreign corporations are sued, the record must show affirmatively, not only that there was service upon an "agent," but that the corporation was in fact "doing business" in the state. This latter fact being shown, the court will assume, in the absence of proof to the contrary, that the party returned served as "agent" was in fact the representative of the corporation, but not otherwise.

What facts will constitute "doing business" within a state we need not decide; nor whether, on the facts of this case, as shown by the proof taken in support of defendant's special plea that it was not doing business there, and that Mitchell was not its "agent," this defendant was "found" by its "agent," either perforce of the Illinois statutes in that behalf, or of the general law. It is sufficient here that the defendant's objection to the admission in evidence of the plaintiff's record must prevail. However it may be under the laws of Illinois, that record does not, under the international or interstate law, disclose the fact that this defendant was doing business in that state, and the fact cannot be now proved in aid of the record.

Judgment for defendant.