## MORRIS v. DOOLEY.

Opinion delivered Oct. 27, 1894.

*Jurisdiction—Adoption of child—Residence.*

> A proceeding in the probate court to adopt a child, under Acts 1885, ch. 28, is a special statutory proceeding, not according to the course of the common law, nor in the exercise of the court's general jurisdiction; and a judgment rendered therein will be void upon collateral attack if neither the judgment entry nor the petition states that the child is a resident of the county.

Appeal from Phillips Circuit Court.

GRANT GREEN, JR., Judge.

*Stephenson & Trieber* for appellant.

1. An order of adoption of a child made by the probate court, when the record fails to show the residence of the child, is void when collaterally attacked. 2 Wall. 328; 18 *id.* 371; 51 Ark. 35; 54 *id.* 643; Black on Judg. sec. 279; Freem. on Judg. sec. 123; 12 Am. & Eng. Enc. Law, 276. The *residence* of the child was jurisdictional, under the act. Acts 1885, p. 32. 17 Ore. 204; 85 Cal. 203; 53 Io. 146; 83 Ala. 528; 46 N. Y. 236; 33 Neb. 509; 141 Ill. 140; 8 Ark. 318.

2. Evidence *dehors* the record is not admissible to show jurisdiction. 51 Ark. 34; 55 *id.* 221; 10 Fed. 891; 55 *id.* 32; 34 Fed. 701; 36 Mich. 97; 28 Fed. 440; 6 N. Y. 176; 57 Ill. 348; 15 Cal. 296; 80 Mich. 367; 37 Miss. 17; 9 Wheat. 541; 1 Mich. 19; 11 Heisk. (Tenn.) 310; 10 R. I. 270; Cowper, 36; 12 Am. & Eng. Enc. Law, p. 148; 28 Grat. 879; 11 So. 657.

*McCulloch & McCulloch* for appellee.

1. Probate courts are courts of superior jurisdiction, and all presumptions are in favor of the propriety of their action. 52 Ark. 341; 46 *id.* 373; 44 *id.* 267; 31

*id.* 74; 19 *id.* 499; 11 *id.* 519; Black, Judg. sec. 284. The probate court was *not* acting outside of its general jurisdiction and in pursuance "of special and summary powers wholly derived from statute, not according to the course of the common law." It had jurisdiction of infants.

2. Judgments of superior courts exercising powers especially conferred and not within their general jurisdiction, in a summary manner not according to the course of the common law, stand upon the same footing as judgments of *inferior* courts, and when the record is silent, the jurisdictional fact may be shown by proof *aliunde.* Black on Judg. secs. 282 and 279; 12 Am. & Eng. Enc. Law, p. 148*n.*; 55 Ark. 281; *Ib.* 30; 46 *id.* 153; 34 Cal. 321; 51 N. Y. 378; 6 Barb. 625; 27 Miss. 209; 20 Am. St. Rep. 521; 20 *id.* 113–114; 2 Col. 85; 12 *id.* 352; 51 Tex. 603; 65 Mo. 250; 77 Tex. 615; 21 S. W. 1088; 101 Mo. 429; 91 *id.* 429; 105 *id.* 472; 24 Ga. 245; 15 R. I. 553.

HUGHES, J. This is an action in ejectment by appellant, claiming lands described in her complaint as heir at law of Mark A. Dooley. The lands were also claimed by Mary E. Dooley, as the adopted heir of said Mark A. Dooley, and her right to the land depends upon the validity of the proceedings for her adoption in the Phillips county probate court.

The act of February 25, 1885, under which these proceedings were had, provides:

"Sec. 1. That any person desirous of adopting any child may file his petition therefor in the probate court, in the county where such child resides.

"Sec. 2. Such petition shall specify, first, the name of such petitioner; second, the name of such child, its age, whether it has any property, and, if so, how much; third, whether such child has father or mother living,

and if so, where they reside. Such petition shall be verified by the oath or affirmation of such petitioner.''

The judgment or order of adoption of the probate court is as follows: ''Comes M. A. Dooley, and files and presents his petition, duly verified by oath, praying for the adoption of Mary E. Parsons, a child seven years of age, and it appearing that said petition specifies, as required by law, the name of the petitioner, the name and age of said child, and that said child has no property and no parents living, and the court, deeming it for the best interests of the child, grants the prayer of the petition, and enters an order of adoption.'' It then proceeds: ''And it appearing from the evidence introduced and being within the recollection and knowledge of the judge (who was then, as now, judge of the court) that judgment was duly made on the first day of the February term, 1890, being February 17, 1890, but erroneously omitted from the record, on motion of the guardian of the child (Dooley's administrator and Sarah Morris being present and resisting this motion), ordered by the court that said judgment be entered of record as of the day and date now for then.''

This order was based on the following petition by Dooley to said court:

'' Phillips Probate Court: Your petitioner, Mark A. Dooley, would most respectfully represent that he is desirous of adopting as his heir Mary Ellen Parsons, who is an orphan, seven years of age; that she has no father nor mother living, nor property of any kind; that he prays the court to make an order permitting him to adopt said child. Mark A. Dooley. Sworn to before me this 17th day of February, 1890. J. C. Rembert, County Clerk.'' Indorsed: ''Filed this day, April 11th, 1890. J. C. Rembert, County Clerk.''

It will be observed that neither the order nor the petition states that Mary E. Parsons was a resident of

Phillips county at the time when the petition was filed and the order of adoption was made.

The circuit court, which tried the cause, was asked to make the following declaration of law: "Unless a record of a judgment of adoption by a probate court, under the act of 1885 of this State, shows that the minor sought to be adopted by said judgment was at that time a resident of the county for which said probate court was held, it is void, and parol evidence to establish that fact is not admissible in an action wherein such judgment is collaterally attacked"—which was refused; and the court made the following declaration of law: "Where the record of a court of superior jurisdiction, proceeding in the exercise of a jurisdiction specially conferred by statute, in a summary manner, not according to the course of common law proceedings, fails to show on its face a fact essential to its jurisdiction, no presumption will be indulged in favor of the judgment of the court in such proceedings as to jurisdiction; but, in a collateral attack upon such judgment, proof *aliunde* is admissible to establish such jurisdictional fact when such proof does not contradict the record, and when the statute conferring such jurisdiction does not expressly require such fact to appear upon the face of the record, and where the record of a judgment of adoption of a child as an heir, under act approved February 25, 1885, rendered by a probate court, fails to state the place of residence of such child, this fact may, in a collateral attack upon such judgment, be established by proof *dehors* the record, to sustain such judgment, when such proof does not contradict the record." Exceptions were saved to the court's action in each instance, and the case comes here upon appeal.

The proceeding to adopt a child as an heir was unknown to the common law, and in this State exists only as a special statutory proceeding. Prior to the passage

of the act of February 25, 1885, authorizing such pro-
ceedings (Acts of 1885, p. 32), the probate courts pos-
sessed no such powers, and could exercise no such juris-
diction, as it conferred. The jurisdiction was conferred
by a special statute. Mr. Black, in his work on Judg-
ments, says: "It is well settled that a judgment in a
summary proceeding must show upon its face every-
thing that is necessary to sustain the jurisdiction of the
court rendering it." Sec. 280. The rule seems to be,
especially in this State, as settled by this court in *Hind-
man* v. *O' Connor*, 54 Ark. 643, that "where the juris-
diction is conferred on a court by special statute, and
which is to be exercised in a special, and often summary,
manner, the judgment can only be supported by a
record which shows jurisdiction, and no presumptions
as to its jurisdiction will be indulged." *Harvey* v. *Ty-
ler*, 2 Wall. 328; *Galpin* v. *Page*, 18 Wall. 371; *Gibney*
v. *Crawford*, 51 Ark. 35; *Hindman* v. *O' Connor*, 54
Ark. 643; Black on Judgments, sec. 279; Freeman on
Judgments, sec. 123; 12 Am. & Eng. Enc. of Law, 276
*et seq*.

But it is contended that only those facts which the
statute requires to be set out in the petition need to be
made to appear in the record; but we hold, on the con-
trary, that in a proceeding of this kind, under a special
statute, and not according to the course of the common
law, the court in which the proceeding is had, *quoad
hoc*, must be considered as an inferior court, and that,
unless all jurisdictional facts appear in the record it-
self, the judgment in the proceeding will be void upon
collateral attack. In *Henning* v. *Planters' Ins. Co.* 28
Fed. 440, the court said: "Nor can the want of such
averment or showing be supplied by proof *aliunde* the
record, offered at the trial of the subsequent suit, predi-
cated on the alleged judgment. The defects of the rec-
ord cannot be so pieced or patched up by parol." "Juris-

dictional facts cannot rest in parol, to be proved in one case and, perhaps, disproved in another." Judge Cooley, in *Montgomery* v. *Merrill*, 36 Mich. 97. There is nothing in *Railway Co.* v. *Lindsay*, 55 Ark. 281, that militates against this doctrine. There it is held that the judgment of the justice of the peace could be supported by parol, as, on appeal to the circuit court, the cause was to be tried *de novo;* and the statement filed in lieu of the complaint was amendable in the circuit court, as well as in the magistrate's court, and would be treated as amended to conform to the evidence, which had been heard without objection.

The Court of Appeals of Virginia, upon a full review of the recent decisions, in *Pulaski County* v. *Stewart*, 28 Grat. 879, determined that there might be extracted from them "the following general legal propositions of universal application :

"1. Where a court of general jurisdiction acts within the scope of its general powers, its judgments will be presumed to be in accordance with its jurisdiction, and cannot be collaterally impeached.

"2. So also when a court of general jurisdiction has conferred upon it special powers by special statute, and such special powers are exercised *judicially*, that is, according to the course of the common law and proceedings in chancery, such judgment cannot be impeached collaterally.

"3. But where a court of general jurisdiction has conferred upon it special and summary powers, wholly derived from statutes, and which do not belong to it as a court of general jurisdiction, and when such powers are not exercised according to the course of the common law, its action being ministerial only and not judicial, in such case its decision must be regarded and treated like those of courts of limited and special jurisdiction, and no such presumption of jurisdiction will attend the

judgment of the court. But in such cases the facts essential to the exercise of the special jurisdiction must appear upon the face of the record."

The record in the Phillips circuit court wholly fails to show that Mary E. Parsons, at the time the order for her adoption as heir at law of Mark A. Dooley was made, was a resident of the county of Phillips; and therefore said order of said court is void for the want of jurisdiction.

The judgment is reversed.

RIDDICK, J., dissenting. I do not controvert the general rules of law laid down in the opinion of the court, but I seriously doubt whether they have been correctly applied to the facts in this case.

Although the position has been assailed as an unreasonable distinction, still, the weight of authority is in favor of the rule announced by the court, that "when a court of general jurisdiction has special and statutory powers conferred upon it which are wholly derived from statute, and not exercised according to the course of the common law, or are not part of its general jurisdiction, it is to be regarded to that extent as an inferior court, and its judgments treated accordingly." In testing the validity of the order of the probate court in question, it must therefore be treated as the order of an inferior court. While it is true, as a general rule, that the facts necessary to give jurisdiction to an inferior court must appear upon the record, and if they do not so appear, the judgment is void, still I think there is an exception when the statute under which the court proceeds expressly directs that certain facts shall be stated in the record. In that event all jurisdictional facts thus named must appear from the record, but other jurisdictional facts not thus named may, when the record is silent, be shown by proof *aliunde.* *Jolley* v. *Foltz,* 34

Cal. 321 ; 2 Freeman on Judgments (4 ed.), sec. 518 ; 1 Black, Judg. sec. 282.

The statute of 1885, which regulates the adoption of children in this State, and under which the order of adoption in question in this case was made, after providing that any person desirous of adopting any child may file his petition therefor in the probate court in the county where such child resides, expressly sets out the jurisdictional facts which the petition must state. That section is as follows: "Such petition shall specify, first, the name of such petitioner ; second, the name of such child, its age, whether it has any property, and if so how much; third, whether such child has either father or mother living, and if so where they reside." Those jurisdictional facts which the statute expressly requires the petition to state must appear from the record, or the judgment is void ; but it does not expressly require the residence of the child to be named in the petition, or set out in the record.

A question identical with this came before the supreme court of Illinois. In that case the order of adoption was made by the county court under a statute very similar to our statute, except that the jurisdiction to make the order of adoption was conferred on the circuit or county court of the county where the petitioner resided. There was nothing in the record to show that the petitioner resided in the county where the order was made, but it was held that the failure of the record to recite that jurisdictional fact did not make the order void. The court held that, as the statute did not require that fact to be stated in the record, or otherwise affirmatively shown, it would, in that proceeding, be presumed that the court heard proof of the facts which required it to decree as it did. *Barnard* v. *Barnard*, 119 Ill. 99 ; Vanfleet, Coll. Att. sec. 408.

Mr. Black, speaking of inferior courts, in his work on Judgments (sec. 282), says: "While it is undoubtedly the rule that, the record of such a court being silent on the subject or defective in its showings, there is no presumption to aid it—while we may even concede that under such circumstances it would be presumptively invalid—there seems to be no good reason for refusing to hear proper evidence tending to show actual jurisdiction. And in some of the States the decisions are positive to the effect that jurisdictional requisites may be shown by outside evidence, except in the case of those facts which the law expressly directs the court to spread upon its records."

What good reason can there be for refusing to allow a judgment of such a court to be supported by evidence *aliunde* showing that the court had actual jurisdiction when the fact so shown is not expressly required to be stated of record? The opinion of the court, in this case, says "that jurisdictional facts cannot rest in parol, to be proved in one case and, perhaps, disproved in another." But, notwithstanding this statement, the jurisdictional facts upon which the validity of the judgments of inferior courts depend do rest, to a large extent, in parol, for is it not the established law that want of jurisdiction in these courts may be shown by parol evidence, even though it contradict the record or minutes of the court? 1 Black on Judgments, sec. 282, where a large number of cases to this effect are cited. So Mr. Freeman says: "Any return or statement in relation to jurisdiction, found among the papers, minutes, or other written matter kept by these courts, seems to be but *prima facie* evidence; in opposition to which it may be shown, by any satisfactory means of proof, that the authority of the court did not extend over the matter in controversy, or over the parties to the suit." 2 Freeman, Judg. (4 ed.) sec. 517. If the jurisdiction of these courts can be dis-

MORRIS *v.* DOOLEY.

proved by parol evidence, even though such evidence contradict the minutes of the court, then, like Mr. Black, we see no good reason why their jurisdiction may not be supported to the extent of showing those facts which the statute does not expressly require to be stated of record.

The case of *Hindman* v. *O'Connor*, 54 Ark. 643, does not, in my opinion, contravene this rule, for the statute in reference to the removal of disabilities of minors does not expressly name the jurisdictional facts which should appear of record, nor was the question as to whether the record could be supported by proof *aliunde* before the court in that case.

Mr. Freeman, an able and learned writer on this subject, after stating that the rule allowing such facts to be shown in support of the judgment was laid down by the supreme court of California, says: "And this position, while controverted in many of the States, and perhaps not yet sustained by the majority of the decisions upon this subject, is, in our judgment, supported by the better reasons and destined to gain adherents." 2 Freem. Judg. sec. 518. *Jolley* v. *Foltz*, 34 Cal. 321; *Van Deusen* v. *Sweet*, 51 N. Y. 381.

These cases have been cited, and the doctrine they announce twice approved, by this court. *Railway Co.* v. *Lindsay*, 55 Ark. 284; *Visart* v. *Bush*, 46 Ark. 155.

In the last case it was expressly held that the record of an inferior court could be supported by proof *aliunde*, where it did not contradict the record. The only way to escape the force of these decisions is to say that the record of the probate court in this case is, for the purpose of an assault upon it, to be regarded as the record of an inferior court, but that, unlike the records of such courts, it can in no event be supported by parol proof. In other words, that it has neither the presumptions in its favor which belong to the judgments of a superior

court, nor the benefit of support by proof *aliunde* which. is allowed in favor of the judgments of inferior courts. Such a rule would overturn a majority of the judgments. rendered by such courts in cases of this kind, and, I think,. needs no argument to show its unreasonableness.    See,. also, *Liss* v. *Wilcoxen*, 2 Col. 85 ; *Williams* v. *Cammack*,. 61 Am. Dec. 508.

It has also been doubted whether the heirs of an adult who has procured an order adopting a child as his heir have any right, to object that the prescribed pro-- cedure in procuring the order was not strictly followed.. In re *Johnson*, 98 Cal. 543, *per* Beatty, C. J.

The controversy over the tract of land in question in this case, which was owned by Mark A. Dooley at. time of his death, is in fact between Mary E. Parsons, his adopted child, and Sarah Ann Morris, a distant col- lateral relative.    Dooley, at the time the order of adop-- tion in question was made, was childless and without a. near relative.    Moved by tender compassion, or by that. parental yearning which, counsel for appellee says, is "the gentler and better part of man," he sought out and adopted this little girl, whose parents were dead, and who, like himself, had no near kindred.    He took her to his home, lived with her, and died believing, no doubt,. that, under the order of adoption which he had procured,. she would inherit his property.

The record of the probate court of Phillips county concerning the adoption shows every jurisdictional fact. expressly required by the statute to appear of record, but it is silent as to whether or not Mary E. Parsons. resided in that county at the time the order of adoption was made.    The circuit court allowed the appellee to show that she did in fact reside in said county at that. time, thus showing that the court had jurisdiction and. that its order was valid.    The admission of this testi- mony to support the record and the judgment of the

circuit court in favor of appellee was, I believe, under the facts and circumstances of this case, supported by reason, and in accordance with what was right and proper. I therefore dissent from the opinion of the court ordering the judgment of the circuit court reversed.

Bunn, C. J., concurred in the dissenting opinion.