THOMAS, ADMINISTRATRIX *v.* COSTELLO.

5-1024                                292 S. W. 2d 267

Opinion delivered July 2, 1956.

670

*Sidney S. Taylor,* for appellant.

*P. E. Dobbs* and *Mitchell & Mitchell,* for appellee.

Lee Seamster, Chief Justice. The appellant, Lucille Baldwin Thomas, Administratrix of the estate of Helen Carpenter, deceased, has appealed from a decree of the Garland Chancery Court, which held that appellee, C. C. Costello, Jr., is an heir at law by equitable adoption of Mrs. C. C. (Barry) Costello and is entitled to one-third of the property owned by Mrs. Costello at the time of her death. Mrs. Costello died intestate on December 29, 1947.

The facts as developed by the evidence reveal that Mrs. Costello was married to Alonza Carpenter and two daughters were born of this union, Helen Carpenter, who never married, and Bopeep Carpenter, who at the time of Mrs. Costello's death was Mrs. Harry Bledsoe, an who is now Mrs. M. S. Nelson. After Mr. Carpenter's death, Mrs. Costello married C. C. Costello. Mrs. Costello, accompanied by her daughter, Bopeep, went to Little Rock in 1925 and at that time the appellee, who was then six weeks old, was given to Mrs. Costello by his natural mother, Idee Maroney. The appellee was taken into the Costello home in Hot Springs and reared as her natural child. He was held out to the public as Mrs. Costello's son and was given the name C. C. Costello, Jr. Appellee went through school and served in the army under such name. Most of the members of the family knew the true status of appellee but he was not told that Mrs. Costello was not his natural mother.

On December 29, 1947, Mrs. C. C. (Barry) Costello died intestate. The appellee was then over 22 years of age. Mrs. Costello's daughter, Bopeep, was appointed administratrix of her mother's estate. At this time the appellee was working for Bopeep's husband, as well as

living in their household. Bopeep listed only two heirs in the application for administration of her mother's estate, herself and her sister, Helen Carpenter. C. C. Costello, the second husband of Mrs. Costello, died when appellee was about two years old. Bopeep fully administered the estate of her mother and the final settlement was approved by the Garland Probate Court on April 18, 1949.

There was no personal property to distribute to the heirs after payment of debts and costs, however, the deceased left some real estate which was located in the City of Hot Springs. The two sisters, Bopeep and Helen, took charge of their mother's real estate, collected rents and paid the taxes. They later sold two houses and kept the money derived from the sales.

At the time of the trial, Bopeep had possession of the remainder of the real estate, which consisted of one lot upon which five rental houses were located. Helen Carpenter died intestate on April 5, 1954, leaving her sister, Bopeep, as her sole heir.

The appellant was duly appointed administratrix of Helen's estate, which included her interest in the real estate left by Mrs. Costello and possibly twenty-five dollars, after payment of debts.

The appellee testified that the discovery by him of two instruments in a deceased aunt's suitcase was the first information he had that he was not the natural son of Mrs. Costello. One of these instruments was a written statement, signed by Idee Maroney in the presence of two witnesses, under the date of June 18, 1925. In this letter Idee Maroney relinquished all rights to the appellee and gave him to Mrs. Costello to be adopted. The second instrument was another letter written by appellee's natural mother, Idee Maroney, in which she stated that she was leaving Little Rock and expressed appreciation to Mrs. Costello for ''What you did for me.'' She stated further in the letter, ''I give him to you and he surely belongs to you . . . you do just what you want to with the boy, it will be all right with me.'' The

letter and statement were contained in an envelope addressed to Mrs. C. C. Costello in Hot Springs; the stamped date on the envelope was blurred. The appellee also testified that the two daughters of Mrs. Costello paid him five hundred dollars from the proceeds of a $5,000 life insurance policy that Mrs. Costello left to her daughters as beneficiaries.

On August 16, 1954, the appellee filed an ex parte petition in the Garland Probate Court, to reopen the estate of Mrs. C. C. (Barry) Costello so that he could have his interest as an heir determined; he claimed that he was entitled to one-third of Mrs. Costello's estate by reason of equitable adoption. E. C. Thacker was appointed special administrator and the estate was reopened. The instant suit was filed by appellee against Lucille Baldwin Thomas, administratrix of the estate of Helen Carpenter, deceased, and E. C. Thacker, special administrator of the estate of Mrs. C. C. (Barry) Costello. Bopeep Nelson was not made a party to this suit.

The evidence reveals that appellee was never adopted by Mrs. C. C. (Barry) Costello, in the manner as provided by statute, Sections 56-101 to 56-120, inclusive, Ark. Stats. 1947. Mrs. Costello reared and held the appellee out as her natural son. However, no evidence was introduced to prove that Mrs. Costello ever agreed to adopt appellee. Our court has many times held that in an attempt to prove a contract to adopt a person, the burden of proof rests with the person claiming the benefit of an alleged contract for adoption, to establish it by clear, cogent and convincing evidence. *Stanley* v. *Wacaster, Administrator,* 206 Ark. 872, 178 S. W. 2d 50; *O'Connor* v. *Patton,* 171 Ark. 626, 286 S. W. 822.

The Chancery Court is without authority to declare appellee an heir of Mrs. C. C. (Barry) Costello, by equitable adoption. This court held in *Cooper* v. *Bradford,* 196 Ark. 327, 117 S. W. 2d 719 that: "The mere contract to adopt is not sufficient of itself to make the child a legal heir of the promisor, because the right to take as heir exists only by operation of the law." The court in

the same case further said: "The right of inheritance, as such, is conferred in our state upon pursuing the special statutory proceeding for adoption." Citing *Morris* v. *Dooley*, 59 Ark. 483, 28 S. W. 30; *Chehak* v. *Battles*, 133 Iowa 107, 110 N. W. 330, 12 Am. Cas. 140, 8 L. R. A. (N. S.) 1130.

The decree of the Chancery Court is reversed and the complaint is dismissed.