### SMITH et al. vs. ALLEN.

1. APPEAL FROM JUSTICE OF THE PEACE:

   Where an appeal is taken from the judgment of a justice of the peace, it is his duty to file a transcript in the office of the Clerk of the Circuit Court on or before the next term of that court, and it is incumbent on the appellant to see that the transcript is filed and the case docketed. If he neglects to do it, it is in the discretion of the Circuit Court to affirm the judgment of the justice.

2. DESCENT AND DISTRIBUTION, ETC.:

   Under the provisions of sec. 7, Gantt's Digest, if a woman dies, leaving a minor child, and an estate under the value of $300, the estate will vest in the child, who may be substituted as plaintiff in a suit instituted by the deceased parent. If the motion to substitute is made within one year after the death, the opposite party is not entitled to notice.

APPEAL from *Pulaski* Circuit Court.

Hon. J. J. CLENDENIN, Circuit Judge.

*Coates*, for appellants.

*Watkins, contra.*

ENGLISH, CH. J.:

Bella Allen (a widow) sued Thomas Smith, before a justice of the peace of Pulaski County, on an open account, for $101, and on the 2d of March, 1874, recovered judgment for $75. Smith appealed to the Circuit Court (9th March, 1874,) and executed an appeal bond, with James Coates as surety.

On the 3d of June, 1875, Mary Allen, infant daughter, and only child of Bella Allen, appeared in the Circuit Court, by her next friend, McG. W. J. Bell, her grandfather, and suggested that her mother had died intestate, leaving an estate of less than $300 in value, and praying to be substituted as plaintiff in place of her mother, and that the judgment of the justice be affirmed against Smith, and his surety in the appeal bond, for failure to prosecute the appeal, etc.

On the next day this motion was heard by the court, and the infant, by her next friend, substituted as plaintiff, and the judgment affirmed for failure of Smith to prosecute his appeal.

On the 8th of June, 1875, Smith filed a motion to set aside the judgment of affirmance, on the ground that it was rendered without notice to him, and setting out facts conducing to show that he had a meritorious defense to the suit.

The court overruled the motion, and in September following, Smith obtained the allowance of an appeal by the clerk of this court.

No bill of exceptions was taken by the appellant, and the recitals in the entry reviving the cause in the name of the infant appellee, by her next friend, and affirming the judgment of the justice for failure of appellant to prosecute his appeal, must be taken as true, in the absence of any showing to the contrary.

The entry recites, in substance, that it appeared, to the satisfaction of the court, that appellant failed to pay the costs required by law to have the case docketed, and failed to have the

cause docketed, and otherwise failed to prosecute his appeal as required by law. It was, therefore, ordered by the court, that the cause be placed on the docket (on the motion of Mary Allen, by her next friend, etc.), and it further appearing to the court that Bella Allen was dead, and that Mary Allen, an infant, was her only surviving heir, and entitled to the whole of her estate, the same not amounting in value to the sum of $300, and that McG. W. J. Bell, her grandfather, was her next friend. etc.

The order substituting the infant, by her next friend as plaintiff, and the judgment of affirmance, is in the same continuous entry, though the order of substitution follows, instead of preceding the judgment of affirmance, as it should have done.

It seems that before the motion to substitute and affirm was filed, the justice had lodged in the clerk's office a transcript of the proceedings before him, and the original papers, but they had not been marked filed by the clerk, and the cause had not been docketed, on account of the failure of appellant to pay fees, and prosecute his appeal. The magistrate's certificate of authentication of the transcript bears date 1st of June, 1875, which was more than a year after the appeal was taken.

*First*—It was the duty of the justice to file in the office of the Clerk of the Circuit Court, on or before the first day of the next term, a transcript of the entries made by him in his docket, together with all process and papers relating to the suit (Gantt's Digest, section 3825), and it was incumbent on the appellant to see that this was done, and that the cause was placed on the docket.

Here appellant took his appeal 9th of March, 1874, procured a stay of execution by executing an appeal bond, and there he let the matters rest, taking no further steps in the prosecution of his appeal, for more than a year.

On such failure to prosecute his appeal, the Circuit Court had the discretion to affirm the judgment of the justice, and there

was no abuse of such discretion in this case. Gantt's Digest, sections 3838–9.

*Second*—The appellant was not entitled to notice of the motion to revive the cause in the name of the representative of the deceased plaintiff, the motion having been made, as it appears in the transcript, within less than a year after her death. Gantt's Digest, sections 4774, 4779. Appellant was bound to be in court, in the prosecution of his appeal, and to take notice of such motion. *Noland* v. *Leech*, 10 Ark., 504. *Callahan et al.* v. *Saleski*, 29 Ark., 217.

*Third*—Section 7, Gantt's Digest, provides that: "When any man shall die, leaving minor children and no widow, and his estate shall not be above the value of $300, his entire estate shall pass to and invest in his minor children, for their support and education, and the (probate) court shall not be required to appoint an administrator on such estate."

In this case a woman, the original plaintiff, died, leaving a minor child and no husband, and her estate was not above the value of $300.

By statutory rule of construction, the word man in the above section, includes a woman, and the word children includes a a child. Digest, sections 5616, 5617.

The subject matter of the suit in this case being part of the deceased mother's estate, which the court below ascertained to be of less value than $300, her infant child, by its next friend, was properly substituted as plaintiff. Gantt's Digest, sections 4774, 4491. *Hampton et al.* v. *Physick, adm'r.*, 24 Ark., 561.

Judgment affirmed.