Turner v. Harrison.

TURNER V. HARRISON

1. JUSTICE OF THE PEACE : *Transcript to Circuit Court. Certification of.*

The transcript of a Justice of the Peace containing the entries of each day's proceedings, over his official signature, and ending with the following memorandum, "Transcript to Circuit Court, Bradley Co., Ark., B. M. Tussel J. P." is sufficient to support an appeal to the Circuit Court.

2. SAME : *Verdict of jury, when a judgment. Appeal from.*

The verdict of a Jury in a trial before a Justice of the Peace is, itself, in legal effect, a judgment, (when no formal judgment has been entered by the Justice,) from which an appeal may be taken to the Circuit Court.

APPEAL from *Bradley* Circuit Court.

Hon. J. M. BRADLEY Circuit Judge.

*W. F. Slemons* for appellant.

The Justice failed to properly authenticate his transcript. *Gantt's Dig. Sec's.* 3825-3828 ; 2 *Eng.*, 203 ; 16 *Ark.*, 485 ; 19 *Ark.*, 647.

There was no judgment rendered in the Justice's Court, hence there could be no appeal.

The judgment in the Circuit Court was *coram non judice* and void.

*McCain & Crawford* for appellee.

The certificate of the Justice to the transcript, though informal, was good enough in the absence of special objections in the court below. The cases cited by appellants' counsel were cases of *judgment by default.* See the later cases, 31 *Ark.*, 489 ; 33 *Ib.*, 745 *and* 42 *Ib.*, 563.

Where the record shows a verdict, that shows a final disposition of the cause. The entry of the judgment is mere clerical work. *See Sec's.* 3827-8 *Gantt's Dig.*

SMITH, J. This cause originated before a Justice of the Peace and the sole question is whether the Circuit Court had any jurisdiction to try it on appeal from his judgment. It was an action upon an account for $50 ; 'the defendant was duly summonsed ; the parties appeared on the day of trial and the case was tried before a jury, who found a verdict for the defendant. But no judgment was entered by the Justice upon this verdict. The plaintiff prayed an appeal to the Circuit Court, which was granted and he filed the affidavit for appeal prescribed by the statute. The papers, process and docket entries, showing the foregoing facts, were sent up to the Circuit Court. There the parties again appeared and without any objection to the regularity or validity of the proceedings, the case was tried anew and the plaintiff obtained a verdict and judgment for $30.

1. APPEAL FROM J. P.: Transcript to Circuit Court: Certification of.

It is now insisted that this judgment was void for two reasons : 1. The transcript of the Justice was not authenti-

cated by his certificate that it contained a copy of all the entries made in his docket relating to the case; and 2. No judgment was rendered by the justice.

The statutory provisions bearing on these points are as follows :

Gantt's Dig. Sec. 3825.—"On or before the first day of the Circuit Court next after the appeal shall have been allowed, the Justice shall file in the office of the clerk of such court a transcript of all the entries made in his docket relating to the cause, together with all process and all papers relating to such suit.

Sec. 3826.—"Upon the return of the Justice being filed in the clerk's office, the court shall be in possession of the cause, and shall proceed to hear, try and determine the same anew, on its merits, without any regard to any error, defect or other imperfection in the proceedings of the Justice."

Sec. 3827.—"No appeal from a Justice of the Peace to the Circuit Court shall be dismissed or stricken from the docket when any specific sum shall be found by said Justice : first, because the Justice has not rendered a formal judgment upon his record or docket; second, because he has not entered upon his docket that an appeal was prayed for and granted. But if all the requisites, as they are required in this act for taking appeals, be substantially complied with, the cause shall be deemed to be in court and be subject to be tried anew upon its merits."

Sec. 3828.—"In all cases of appeal from Justices of the Peace for trial *de novo*, the Justice before whom the cause was tried may be required, whether in or out of office, to appear before such court upon the motion of either party, and amend any defect or ommission, either in form or in substance, according to the right and truth of the case, in the proceeding had before him, not the fault or omission of either of the parties, so that no such appeal shall be dismissed

Turner v. Harrison.

for want of jurisdiction because of the fault or neglect of the Justice to mark any paper filed, for any defect in the affidavit or obligation for the appeal, or order granting the appeal or any defective entry made, or informal judgment rendered by him."

In this case the Justice sets out the entries of each day's proceedings over his official signature and at the end of them is this memorandum : " Transcript to Circuit Court, Bradley Co., Ark. B. M. Tussel J. P."

In *Watts v. Hill*, 7 *Ark.*, 203, it was said that the statute contemplates such a filing as will give credence to the transcript; and that without a certificate that the transcript contains all the entries, or some other form of authentication, the Circuit Court can not judicially know of the appeal. In that case the paper that purported to be a transcript of the proceedings had before the Justice was authenticated neither by his certificate nor official signature. And moreover the judgment of theCircuit Court was by default.

*Baker v. Calvert*, 16 *Ark.*, 485 was also a case of default, and nothing had been sent up except a copy of the judgment and the note sued on. Of course this would not do as there was nothing to show that the defendant had been summoned or had appeared, or that there had been a trial, or any appeal sought to be taken.

2. SAME : Verdict of jury : When a judgment.    In regard to the second point—that no judgment was rendered by the Justice—it was ruled, in *Adams v. Thompson*, 12 *Ark.*,670, that until the rendition of judgment, no appeal lies to the Circuit Court. That case arose in this way; the jury in the Justice's court returned a verdict on the 5th of August, 1848, but no judgment was entered up until November 5th 1849, when in obedience to an order of the Circuit Court, the Justice's successor entered up a judgment as of the date of August 5th, 1848. An appeal was taken November 17, 1849, and in the Circuit Court the cause was

regularly tried, no exception being taken to the proceedings touching the appeal. And it was held the Circuit Court had rightful jurisdiction.

In *Lynch v. Kelly*, 41 *Cal.*, 232, it was adjudged that the failure of the Justice to enter a judgment in his docket upon the verdict of a jury which found a sum certain for the plaintiff was a mere irregularity which did not avoid a subsequent execution and sale of land thereunder.

In *Felton v. Mulliner*, 2 *Johns.*, 181, a plea of former judgment in favor of the defendant was held to be supported by proof of a verdict in his favor, upon which the Justice ought to have rendered judgment, but had omitted to do so. The Court said[: " We are to overlook matters of form, and to regard proceedings before Justices of the Peace according to the merits * * * The Justice was bound to render a judgment according to the finding. He had no descretion." See also *Young v. Overaeker*, 2 *Johns.*, 191, for same principle; *Hess v. Beckman*, 11 *Johns.*, 457 and *Fish v. Emmerson*, 44 *N. Y.*, 376.

In *Gains v. Betts*, 2 *Dougl.* (*Mich.*), 98, it is said: " The verdict is, itself, the judgment of the law in the case, and the Justice is simply required to make the entry on his docket. If he neglects to do so, still the verdict must be considered the final determination of the cause." And this case was followed in *Orrval v. Pero*, 7 *Mich.*, 315. In this state, after a cause is tried by jury, a Justice of the Peace has no power to arrest the judgment, or to grant a new trial, but it is his imperative duty to enter judgment upon his docket forthwith. *Gantt's Dig. Sec's.*, 3762-3. And as this entry is a mere clerical duty, he or his successor in office may be required at any time to perform it. Or if no steps be taken to cure the omission, the verdict may be considered in legal effect a judgment.

Justices of the Peace are not required to be learned in the

law. In point of fact they are, as a class, without previous legal training and frequently have had but a limited education.

"To insist upon their keeping their records with that accuracy and formality required in courts of record would end in the complete overthrow of most of their proceedings." *Freeman on Judgments, Sec's.,* 53 *et seq.*

If a motion had been made in the Circuit Court to dismiss the appeal, the statutes above quoted would have required that it should be denied. The Circuit Court was in possession of the cause to try it anew upon its merits without regard to any error, defect or other imperfection in the proceedings of the Justice. And it was expressly prohibited from dismissing the appeal because the Justice had neglected to render a formal judgment, or on account of any defective entry.

Affirmed.