RAILWAY COMPANY v. LINDSAY.

Decided January 9, 1892.

*Justice of the peace—Jurisdiction—Venue.*

> Evidence *dehors* the record of facts which the law does not require to appear of record may be received in aid of a justice's jurisdiction; hence although a justice's transcript fails to show the venue in a local action, as in an action for damages for stock killed by a railway train, it may be proved in the circuit court on appeal.

APPEAL from *Lawrence* Circuit Court, Eastern District. JAMES W. BUTLER, Judge.

Lindsay recovered a judgment of damage against the St. Louis, Iron Mountain & Southern Railway Company for three cows and a hog, killed by the latter's trains. The facts are stated in the opinion.

*Dodge & Johnson* for appellant.

1. The venue is wanting in all three of the suits before the justice; the statements and petition failed to state in what county the animals were killed. Thus no jurisdiction was given the justice. Mansf. Dig., sec. 5540; 38 Ark., 206. The justice having no jurisdiction, the circuit court acquired none on appeal.

2.   The verdict is not sustained by the evidence.

3.   The statutory presumption as to the two cows is completely overcome by the evidence, and plaintiff was only entitled to $3 for the killing of the shoat.

*John K. Gibson* for appellee.

1.   No written pleadings are required before a justice. Proof of facts sufficient to show jurisdiction cured the omission to allege it, if it was not waived or admitted by going to trial.   26 Ark., 142.

2.   The evidence sustains the verdict, and this court will not reverse on the mere preponderance or weight of evidence. 34 Ark., 638;   26 *id.*, 145;   *ib.*, 360.

3.   Appellant failed to show due or ordinary care.   33 Ark., 816;   36 *id.*, 87;   *ib.*, 451;   37 *id.*, 552;   41 *id.*, 160;   43 *id.*, 225.

COCKRILL, C. J.   In the case of the *Little Rock, etc., R. Co.* v. *Clifton*, 38 Ark., 205, it was held that the statute regulating suits against railways for damage to stock injured by its trains made such actions local, and that they should be brought in the county where the injury was inflicted.   The plaintiff in this case instituted three such actions before a justice of the peace.   He did not allege the venue in the brief written statements of his causes, and the justice made no entry of it in his record.   The railway company was summoned, but did not appear.

Judgments by default were entered, and the company appeared and prosecuted appeals to the circuit court.   The causes were there consolidated, at the instance of the railway, and a trial upon the merits resulted in a judgment for the plaintiff.   It is now insisted for the first time that the failure of the justice's record to show the venue of the injuries was fatal to his jurisdiction, and that the circuit court acquired no jurisdiction of the causes, because the justice's record does not show that his tribunal had jurisdiction. The bill of exceptions taken at the trial in the circuit court

establishes without controversy that the injuries were inflict-
ed in the county where the suits were instituted.

The question therefore is not whether the justice of the
peace had jurisdiction in fact, but it is whether the venue,
which is the fact upon which jurisdiction depends, can be
established in the circuit court, on appeal from the justice's
judgment, by proof *aliunde* the justice's record.

The question would not have given me pause but for a line
of decisions by the Supreme Court of Missouri seeming to
hold in analogous cases that the circuit court is without
power even to amend the pleadings to show the venue, un-
less it can be traced in the justice's record. *Haggard* v.
*Atlantic R. Co.*, 63 Mo., 302; *Iba* v. *Hannibal R. Co.*, 45 *id.*,
469; *Hansberger* v. *Pacific R. Co.*, 43 *id.*, 196.

We do not concur in that ruling. An appeal from a jus-
tice's judgment removes the cause to the circuit court for
trial *de novo,* and the latter tribunal is thereby put into full
possession of the jurisdiction and power which the justice
possessed. As the justice might have amended the state-
ment to show the venue, the circuit court on appeal could
do the same ; and when the amendment is made, the rule that
the record of an inferior court must affirmatively show juris-
dictional facts is satisfied. The statute in this State pre-
scribes that the cause shall be tried anew "without any re-
gard to any error, defect or other imperfection in the pro-
ceedings of the justice." Mansf. Dig., sec. 4140. That
command carries with it the power to disregard, or to cure
by amendment, any defect which the justice might have
cured. If objection had been made to the jurisdiction in the
circuit court, it would have been competent for that court to
compel the justice to appear and cause his docket to show
the venue, if it had been proved on the trial before him, or
if the plaintiff had stated it in his oral pleadings. Section
4142 of Mansfield's Digest authorizes such a proceeding, and
prescribes that no appeal from a justice's judgment "shall
be dismissed for want of jurisdiction because of * * * any
defective entry" made by the justice. But it was unneces-

sary to require the justice to appear because the circuit court was competent to cause the record to show the fact upon which jurisdiction depended. The justice had jurisdiction to try the issue whether the injuries were inflicted in the county where the suits were brought, and the circuit court on appeal therefore had jurisdiction to try the same issue. That issue could be made before the justice upon oral pleadings, as the statute does not require it to be reduced to writing, and no greater certainty in the pleadings is required on appeal to the circuit court. The evidence in this case upon that issue warranted the jury in finding for the plaintiff, and we are asked to disturb it only upon the ground that the fact established by it does not appear upon the face of the record proper.

The law does not require it to so appear; and whether a presumption favorable to jurisdiction is indulged (where the record is silent) in regard to jurisdictional facts not required to be stated of record, as was held in *Bacon* v. *Bassett*, 19 Wis., 54, or not, the reasonable rule, and one which has received the sanction of this court, is that, even in a collateral proceeding, evidence, *dehors* the justice's record, of such a fact, when it does not tend to contradict the record, may be received for the purpose of showing jurisdiction. *Visart* v. *Bush*, 46 Ark., 153; *Jolley* v. *Foltz*, 34 Cal., 321; *Van Deusen* v. *Sweet*, 51 N. Y., 378; 1 Black on Judgments, sec. 282.

If evidence *dehors* the justice's record may be looked to in a collateral proceeding, it is certainly permissible to do so in an action where the evidence is germane to the issue to be tried, as it was in this case. Now as the circuit court had the power to cause the statement, which is filed in lieu of a complaint, to be amended, if that was necessary, and as the evidence proving the venue was received without objection, it is familiar practice that the amendment should be regarded as made. No prejudice results to the substantial interest of the appellant therefrom, and it is only where there is such prejudice that judgments are reversed; for if the cause were remanded it would be only for the purpose of

perfecting the record so as to show jurisdiction in accordance with the undisputed fact. But we regard that as done which the parties have treated as done, and no order therefore is required. *Kahn* v. *Kuhn*, 44 Ark., 404; *Molen* v. *Orr*, *ib.*, 486; *Ry.* v. *Harper*, *ib.*, 524.

The conclusion reached renders it unnecessary to decide the question raised by the appellee as to whether the defendant could and did waive the right to object to the venue by failing to raise the question in the circuit court, even if the suit was in the wrong county. See *Smith* v. *Clark*, 1 Ark., 63; *Jacks* v. *Moore*, 33 *ib.*, 31; *Feild* v. *Dortch*, 34 *ib.*, 399; 1 Smith's Ld. Cas., Pt. 2, 8 ed., p. 1122; 1 Black on Judg., sec. 217; *Crook* v. *Pitcher*, 61 Md., 510; Wells on Jurisdic., sec. 86.

The only other question relates to the sufficiency of the evidence as to the railway's negligence to sustain the verdict.

The proof justified the jury in reaching the conclusion that the plaintiff's cows were killed by the defendant's train. That raised a statutory presumption of negligence, and cast the burden of rebutting it upon the defendant. In that the defendant failed, at least as to two of the cows, the value of which the jury might have found to be the amount returned by them in their verdict. Conceding that the presumption of negligence in killing the other cow was rebutted, the verdict is still sustained by the evidence and cannot be disturbed.

Affirm.