## JULINSON VS ANDERSON.

Opinion delivered January 8, 1898.

*Motion for a New Trial—Time of Filing.*

> The appellate court will not consider a bill of exceptions which shows that the motion for a new trial was not filed within three days as required by § 5153 Mansfield Digest.

Appeal from the United States court for the Southern district.

C. B. KILGORE, Judge.

Suit by G. G. Anderson against C. C. Julinson for the recovery of a tract of land.  Judgment for plaintiff.  Defendant appeals.  Affirmed.

On the 20th day of January, 1896, Anderson (appellee) instituted suit in the district court at Chickasha, Ind. Ter., against Julinson (appellant), to recover the possession of a certain tract of land, which he claimed that appellant held under a lease from appellee.  The appellee alleged in his complaint that he rented a certain tract of land described therein to the appellant in January, 1894, for the term of one year, for which the appellant paid the appellee rents, and prior to January 1, 1896, he notified appellant to quit and deliver up the possession of said premises.  He further alleged that, notwithstanding said notice, appellant continued in possession of said premises.  Appellee prayed for possession, and $490 damages.  On February 6, 1896, the appellant filed an answer, wherein he set forth his defense, which it is not necessary to set out at length.  The case was tried by a jury, and a verdict rendered on the 10th day of September, 1896.  The verdict of the jury found the issues in favor of the plaintiff, for the possession of the premises in controversy.  On the same day a judgment was entered in the case for the plaintiff, in accordance with the terms of the verdict of the jury.  The appellant filed a motion for a new trial in open court on September 14, 1896, which motion was by the court overruled.  An appeal was prayed for, and allowed, to this court.

*Riddle & Payne*, for appellant.

*Abernethy & Cherryhomes*, for appellee.

Springer, C. J. (after stating the facts).  The appellee in his brief calls attention to the fact that the motion for a new trial was not filed within the time required by

law, and that, therefore, the bill of exceptions cannot be considered on appeal.   Section 5153 of Mansfield's Digest is as follows:   "The application for a new trial must be made at the term the verdict or decision is rendered, and, except for the cause mentioned in subdivision seven of section 5151 shall be within three days after the verdict or decision was rendered, unless unavoidably prevented." The record in this case shows that the motion for a new trial was not filed within the time prescribed by the statute.   It should have been filed within three days after the verdict, and it could not have been filed thereafter, except for newly-discovered evidence or unavoidable delay ; and there is nothing in the record to show that these provisions of the statute were complied with.   The case of City of St. Joseph vs Robison ( Mo. Sup. ) 28 S. W. 166, is cited for the purpose of supporting this contention.   That was an action of ejectment for the recovery of the possession of a small parcel of ground.   There was a trial by a jury, and a verdict was rendered for the defendant and plaintiff appealed. The verdict in that case was rendered on the 6th day of November; 1891, and the motion for a new trial was filed on the 16th day of November, 1891 next thereafter.   The court held that the motion was filed out of time, and the bill of exceptions could not be considered by the supreme court ; that it should have been filed within four days after the verdict, under section 2243 of the Revised Statutes of Missouri of 1889, and could not be filed thereafter.   The same decision was made in Maloney v Railway Co. ( Mo. Sup. ) 26 S. W. 702.   In the case of Nichols vs Shearon, 49 Ark. 75, 4 S. W. 167, the supreme court of Arkansas held that section 5153 of Mansfield's Digest requires that a motion for a new trial, except it be for newly-discovered evidence, must be made within three days after the verdict or decision, unless unavoidably prevented. In that case the supreme court stated: "No showing is

made why the motion was not made earlier. And, besides, the defendants had, for a consideration, of which they received the benefit, abandoned in open court their right to insist on their motion. They are estopped by the record, and by their own agreement, to reopen the case; there being no effort to show that they were deceived or misled by any artifice." That case was decided at the November erm, 1886, of the supreme court, prior to the time when the section of Mansfield's Digest to which reference has been made was put in force in the Indian Territory. Congress, therefore, having put said section in force in the Indian Territory after this decision of the supreme court of Arkansas, the provision came to the Indian Territory with the construction given to it by the supreme court of that state. The motion for a new trial in the case at bar not having been made within the time required by section 5153 of Mansfield's Digest, this court cannot consider the bill of exceptions in the case; and the judgment of the court below should be affirmed, and it is so ordered.

CLAYTON, THOMAS, and TOWNSEND, JJ., concur.