## WAITMAN VS BOWLES.

### Opinion delivered  October, 6, 1900.

*1.  Appeal—Dismissal—Motion for New 'Irial.*

> Mansf. Dig. Sec. 5153 (Ind. Ter. Stat. Sec. 3358) requires an application for new trial to be made at the term the verdict or decision is rendered, and, except for cause mentioned in Sec. 5151 (Sec. 3356), within three days after the verdict or decision is rendered, unless unavoidably prevented. Where judgment was rendered November 2d, motion for new trial filed on November 10th, and an amended motion for new trial on November 15th, the same is too late, when it does not appear that the moving party was unavoidably prevented from making application within the specified three days, or that the cause mentioned in section 5151 existed; and the court cannot consider the bill of exceptions, but must dismiss the appeal.

*2.  Appeal—Transcript—Authentication—Correction of Errors.*

> The manner of taking and perfecting an appeal from U. S. commissioners in the Indian Territory is the same as that provided for appeals from justices in Arkansas, and is governed by Mansf. Dig. Secs. 4139–4142 (Ind. Ter. Stat. Secs. 2819–2822). These require the commissioner to file, on or before the first day of the circuit court next after the appeal shall have been allowed, in the office of the clerk of such court, a transcript of all the entries in his docket relating to the cause, with all process and papers. Mansf. Dig. Sec. 1310 (Ind. Ter. Stat. Sec. 812) provides that a judgment or final order shall not be reversed for an error which can be corrected on motion in the inferior courts until such motion has been made there and overruled. *Held*, that where a commissioner, on an appeal being taken, filed his transcript showing all entries in his docket, including those of defendant's notice of appeal and bond therefor, and accompanied same with all process and papers relating to the suit, and attached thereto a certificate authenticating same, but failed to sign the certificate, and no motion was made in the lower court to require the commissioner to sign the certificate, but it was so signed after judgment had been rendered,

on order of the court, this was a substantial compliance with the statute requiring such transcript, and the court acquired jurisdiction of the case for all purposes.

Appeal from the United States Court for the Northern District.

WILLIAM M. SPRINGER, Judge.

Action by R. P. Bowles against G. J. Waitman. Judgment in favor of plaintiff. Defendant appeals. Affirmed.

This action was commenced on the 27th day of August, 1894, before S. M. Rutherford, United States commissioner for the Second judicial division of the United States Court, Indian Territory. The plaintiff sues for a balance of $90.00 due on an account for $166.77. On September 10, 1894, both parties appear and announce "ready for trial," jury was impaneled and case tried, and the jury returned the following verdict: "We, the jury, find for the plaintiff R. P. Bowles in the sum of $81.97. W. F. Brain, Foreman." Judgment rendered on the verdict by the commissioner, and on the same day defendant gives notice and files affidavit for appeal, and plaintiff files affidavit for execution. On September 15, 1894, defendant files bond for appeal, which was approved by the commissioner and an appeal granted; and commissioner makes the following certificate: "United States Court for the Indian Territory, Second Judicial Division. R. P. Bowles vs. G. J. Waitman. Commissioner's Court. I, S. M. Rutherford, a United States commissioner in and for the second judicial division of the Indian Territory, do hereby certify that the foregoing is a true, complete and perfect transcript of the proceedings and judgment in my court in the above cause, together with all the process and all the papers, except the execution which is still in the constable's hands, relating to said suit. Given under my hand this the 15th

day of September, 1894.     S. M. Rutherford, U. S. Commissioner." On February 14, 1895, defendant filed motion in the United States Court of the second judicial division to quash depositions filed by plaintiff on January 24, 1895. On February 15, 1895, motion to suppress depositions was heard by the court and sustained; and on same day plaintiff filed motion for change of venue to the first judicial division, which was granted by the court, and case transferred to the first judicial division. On November 2, 1897, the same came on for trial before Hon. William M. Springer, Judge. Plaintiff appeared, but defendant did not appear. Plaintiff, by counsel, waived a jury and case was tried by the court, and the court rendered a judgment for the plaintiff against the defendant and his sureties on the appeal bond for the sum of $114.45. On the 15th day of November, 1897, defendant filed an amended motion for new trial, which is as follows: "Amended Motion for New Trial. Comes now the defendant, by his attorney, and moves the court to set aside the judgment rendered in this cause on November —, 1897, for the following reasons: That this cause was not, at the time of rendering said judgment, legally pending in this court; that this cause was brought to this court on appeal from a United States commissioner, and was a suit for an amount originally below the jurisdiction of this court, to-wit, $90.00; that the U. S. commissioner, whose judgment was appealed from, failed and omitted to make out and sign a legal transcript. Wherefore defendant prays that a new trial be granted herein." The action of the court on said amended motion is as follows: "Thereafterwards, on the 15th day of November, 1897, the same being one of the regular days of said term of said court, among the proceedings had was the following, to-wit: R. P. Bowles vs. G. J. Waitman. Comes now the defendant, and files amended motion for a new trial herein. And said motion coming on to be heard, and it appearing that one of the grounds stated in said motion for

new trial is that the commissioner before whom this case was originally brought did not make out and sign a legal transcript of the proceedings before him, and said commissioner, S. M. Rutherford, being now in court, it is ordered by the court that said commissioner now sign said transcript as of that date, which is accordingly done in open court, to which the defendant excepted; and said amended motion for new trial coming on to be heard, and the court being fully advised in the premises, said motion is by the court overruled, to which the defendant excepted, and prayed an appeal to the court of appeals for the Indian Territory, which is by the court allowed, and said defendant was given sixty days within which to prepare and file his bill of exceptions." The following agreement of counsel is made a part of the record in this case: "Agreement that certificate to transcript was not signed by S. M. Rutherford until he did so under nunc pro tunc order of court on November 15, 1898, pending hearing of amended motion for new trial. Agreed to. S. S. Fears, Attorney for Plaintiff. J. G. Harley, Attorney for Defendant." It appears from the certificate of the clerk that only a part of the record was brought up. See certificate as follows: "United States of America, Indian Territory, Northern District—ss.: I, James A. Winston, clerk of the United States court in the Northern district, Indian Territory, do certify that the within and foregoing transcript is a full, true, and correct transcript of the record and proceedings, and all things, as far as called for, concerning the cause numbered 2,774, and entitled, 'R. P. Bowles, Plaintiff, and G. J. Waitman, Defendant,' as the same appears to me from the records and files of my office at Muskogee. Witness my hand and the seal of said court at Muskogee, Indian Territory, on this the 20th day of January, A. D. 1898. James A. Winston, Clerk, by H. S. Young, Deputy Clerk. [Seal.]" A supersedeas bond was given in the case, and an appeal allowed by the clerk of this court.

*J. G. Harley* and *Stuart, Lewis & Gordon,* for appellant.

*J. G. Ralls* and *R. L. Williams,* for appellee.

TOWNSEND, J. The appellant has filed one specification of error, which is as follows: "The court erred in allowing the United States commissioner, S. M. Rutherford, to sign on the 15th day of November, 1897, the transcript which had formerly been sent up in this case, and in overruling defendant's motion to set aside the judgment, and for a new trial." The judgment in this case was rendered on November 2, 1897, and the record discloses that a motion for new trial was filed on November 10, 1897, but the same has not been brought up by the bill of exceptins, and an amended motion for new trial was filed November 15, 1897. It was in this amended motion for new trial that it was first disclosed by the record that the commissioner "failed and omitted to make out and sign a legal transcript." But, under the statute relating to new trials, can there be any notice taken in this court of the bill of exceptions in this case? Section 5153, Mansf. Dig. (section 3358 Ind. T. Ann. St. 1899), is as follows:" The application for a new trial must be made at the term the verdict or decision is rendered, and, except for the cause mentioned in subdivision seven of section 5151, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented." The original motion for new trial was filed seven days too late, and the amended motion twelve days too late. It does not appear from the amended motion or from the record that the appellant was unavoidably prevented from making his application earlier, or that the cause mentioned in subdivision 7 of section 5151 (subdivision 7, § 3356) existed. Hence the motion had to be made within three days from the day the decision was rendered, to be entertained. This has been decided by this court in Julinson vs Anderson, 1 Ind.

Motion for
New Trial.

Ter. Rep. 658 (43 S. W. 950.) The court in that case says: "The motion for a new trial in the case at bar not having been made within the time required by section 5153, Mansf. Dig. (section 3358, Ind, T. Ann. St. 1899), this court cannot consider the bill of exceptions in the case, and the judgment of the court below should be affirmed, and it is so ordered." It has been decided the same way under the Missouri statute. See City of St. Joseph vs Robison (Mo. Sup.) 28 S W. 166; Maloney vs Railway Co. (Mo. Sup.) 26 S. W. 702. It has also been decided the same way in Nichols vs Shearon, 49 Ark. 75, 4 S. W. 167.

The foregoing is conclusive that this appeal must be dismissed, and the judgment of the court below be affirmed. Ordinarily nothing further need be said in this opinion; but, in view of the contention of appellant's counsel that the court below had no jurisdiction to render a decision in this case at the time it did so, we will examine that contention. The statutes of Arkansas providing for appeals from justices of the peace, after stating what "requisites shall be complied with," which govern in the case at bar, provide as follows:

*Appeal Dismissal.*

"Sec. 4139. On or before the first day of the circuit court next after the appeal shall have been allowed, the justice shall file in the office of the clerk of such court a transcript of all the entries made in his docket relating to the cause, together with all the process and all the papers relating to such suit.

"Sec. 4140. Upon the return of the justice being filed in the clerk's office, the court shall be in possession of the cause and shall proceed to hear, try and determine the same anew on its merits, without any regard to any error, defect or other imperfection in the proceedings of the justice.

"Sec. 4141. No appeal from a justice of the peace to the circuit court shall be dismissed or stricken from the

docket when any specific sum shall be found by said justice; First, because the justice has not rendered a formal judgment upon his record or docket; second, because he has not entered upon his docket that an appeal was prayed for and granted. But if all the requisites, as they are required in this act for the taking of appeals, be substantially complied with, the cause shall be deemed to be in court and be subject to be tried anew upon its merits.

"Sec. 4142. In all cases of appeal from justices of the peace for trial de novo, the justice before whom the cause was tried may be required, whether in or out of office, to appear before such court, upon the motion of either party, and amend any defect or omission, either in form or substance, according to the right and truth of the case, in the proceeding had before him not the fault or omission of either of the parties, so that no such appeal shall be dismissed for want of jurisdiction because of the fault or neglect of the justice to mark any paper filed, for any defect in the affidavit or obligation for the appeal, or order granting the appeal, or any defective entry made, or informal judgment rendered by him." Mansf. Dig. §§ 4139—4142 (Ind. T. Ann. St. 1899, §§ 2819–2822).

The appellants have only considered section 4139 (section 2819); and the case of Watts vs Hill, 7 Ark. 203, decided in 1846, is conclusive of their contention in this case. The court in that case say: "The filling contemplated must surely be such as to give credence to the transcript, process and papers; and without the certificate of the justice before whom the proceedings were had that such transcript embraces 'all the entries made in his docket relating to the cause,' or some other form of authentication, the circuit court cannot judicially know of the existence of the appeal. In the case before us, there having been no certificate of the justice, or other evidence of authenticity, the proceedings in

the circuit court were coram non judice, and therefore void."
From an examination of section 4139 (section 2819), supra,
it will be observed that no certificate of the justice is requir-
ed; but the court said in Watts vs Hill, supra, that without
the certificate of the justice that such transcript "embraces
all the entries made in his docket relating to the cause,"
or some other form of authentication, the circuit court can-
not know of the existence of the appeal, and dismissed the
appeal for want of a certificate of the justice. In the case
at bar it is not denied that the commissioner filed in the
office of the clerk of this court "a transcript of all the en-
tries made in his docket relating to the cause, together with
all the process and all the papers relating to such suit."
The record in this case shows that there was filed before
said commissioner an affidavit for appeal, as required
by law, and also that a supersedeas bond, and the com-
plaint, answer, affidavit for appeal, and the appeal bond
with the indorsement of the commissioner on each, together
with the certificate attached thereto by the commissioner,
were all filed in the office of the clerk of the United States
court at South McAlester, for the then Second judicial
division of the Indian Territory. The record of the com-
missioner shows the filing of the complaint, answer, verdict
of the jury, and judgment, and is signed by the commis-
sioner.

In the transcript it appears, over the official signa-
ture of the commissioner—First, that September 10, 1894,
defendant gave notice of appeal, and that on the same day
the plaintiff filed affidavit for execution, and execution was
issued; and, afterwards, that on the 15th day of September
defendant filed bond for appeal, and the bond was approved,
and appeal granted. Each of these entries is over the of-
ficial signature of the commissioner. The commissioner's
transcript commenced. "Civil Docket of S. M. Rutherford,
U. S. Commissioner," and at its close contained, in the hand-

Transcript
Authentica-
tion.

writing of the commissioner, the following certificate: "United States Court for the Indian Territory, Second Judicial Division. R. P. Bowles vs G. J. Waitman. Commissioners' Court. I, S. M. Rutherford, a United States commissioner in and for said judicial division of the Indian Territory, do hereby certify that the foregoing is a true, complete, and perfect transcript of the proceedings and judgment in my court in the above cause, together with all the process and all the papers except the execution, which is still in the hands of the constable, relating to said suit. Given under my hand on this the 15th day of September, 1894. ——, U. S. Commissioner." The only defeat claimed is that the commissioner failed to sign his name to the certificate. On November 15, 1897 when the court disposed of the amended motion for new trial, it ordered the commissioner to sign his certificate, which he did in open court; but appellant claims that the judgment having been rendered on November 2, 1897, this did not give validity to the judgment. Was there any necessity that the commissioner should sign the certificate, to give validity to the judgment? The statute did not require it, and when the commissioner filed his transcript, showing that defendant gave notice of appeal; that plaintiff filed affidavit for execution, and execution was issued: and that defendant filed bond for appeal, and appeal was granted,—and many other papers in the case, each bearing the signature of the commissioner in his official capacity, and they were all filed in the district, was not the statute substantially complied with? In the case of Wise vs Yell, 7 Ark. 11, cited by appellant, it does not appear that any writ of certiorari, which had been ordered, had ever issued to bring up the cause from the justice court, and hence the court say that a judgment of the circuit court on a transcript from a justice of the peace is a mere nullity, and void, where the record does not disclose that it found its way into that court in some one of the modes pointed out by law. This case is not applicable to

the case at bar, for the reason that in the case at bar there was a motion and an affidavit for appeal filed by the defendant, and a bond for appeal executed, and the same transmitted, with the other papers in the case, to the district court. Turner vs Harrison, 43 Ark. 233, cited by appellant, sustains the contention of the appellee on the point at issue in the case at bar more than it sustains the contention of the appellant. The first error assigned in that case was that "the transcript of the justice was not authenticated by his certificate that it contained a copy of all the entries made in his docket relating to the case." The court say that the justice sets out the entries of each day's proceedings over his official signature, and at the end of them is this memorandum: "Transcript to Circuit Court, Bradley Co., Ark. B. M. Tussel, J. P." This assignment of error was taken under the decision of Watts vs Hill, supra, but the court, referring to the decision in Watts vs Hill, say: "In that case the paper that purported to be a transcript of the proceedings had before the justice was authenticated neither by his certificate nor official signature." In the case at bar many entries on the transcript appear over the official signature of the commissioner, and the court, in holding that the assignment of error was not good, practically overruled Watts vs Hill on that point. An examination of the case of Drug Co. vs Byrd, 1 Ind. Ter. Rep. 131 (38 S. W. 667,) cited by appellant, decided at a former term of this court, discloses that the court simply accepted Watts vs Hill, supra, as good law, and held accordingly. We do not know whether the counsel in the case called the attention of the court to other decisions of Arkansas, but presume not, as the court makes no reference to other citations. In Hempstead Co. vs Howard Co., 51 Ark. 344, 11 S. W. 478, in an appeal from the county court, the requirements of the statute are substantially the same as in appeals from justices of the peace under section 4139 (section 2819), supra. Section 1438 of the statute requires the clerks of the county court to

proceed as follows: "In all appeals to the circuit court from all said judgments and orders of the county court, the clerk of said court shall transmit all of the original papers and a transcript of the record entry in the cause or matter to the clerk of the circuit court and take his receipt therefor, and file the same in place of such papers." Mansf. Dig. § 1438. And the court, in passing upon the statute, say: "It is certain that the circuit court acquired jurisdiction of the proceeding upon the filing of the original papers in that court in pursuance of the appeal prosecuted by Hempstead county (Mansf. Dig § 1438), and the court thereafter possessed the undoubted power to cause the county clerk to certify a transcript of the record entries of the county court had in the cause appealed." In Railway Co. vs Lindsay, 55 Ark. 281, 18 S. W. 59, where error was alleged because the plaintiff, in his statement of his causes of action, did not allege the venue, and the justice made no entry of it in his record, the court say: "An appeal from a justice's judgment removes the cause to the circuit court for a trial de novo, and the latter tribunal is thereby put into full possession of the jurisdiction and power which the justice possessed. As the justice might have amended the statement to show the venue, the circuit court on appeal could do the same; and, when the amendment is made, the rule that the record of an inferior court must affirmatively show jurisdictional facts is satisfied.

<span style="float:left">Correction of error.</span> The statute in this state prescribes that the cause shall be tried anew 'without any regard to any error, defect, or other imperfection in the proceedings of the justice.' Mansf. Dig. § 4140 (Ind. T. Ann. St. 1899, § 2820). That command carries with it the power to disregard or to cure by amendment any defect which the justice might have cured. If objection had been made to the jurisdiction of the circuit court, it would have been competent for that court to compel the justice to appear and cause the docket to show the venue, if it had been proved on the trial before him, or if the plaintiff had stated it in his oral pleadings. * * * Now, as the circuit

court had the power to cause the statement which is filed in lieu of a complaint to be amended, if that was necessary, and as the evidence proving the venue was received without objection, it is familiar practice that the amendment should be regarded as made. No prejudice results to the substantial interest of the appellant therefrom, and it is only where there is such a prejudice that judgments are reversed; for, if the cause were remanded, it would be only for the purpose of correcting the record so as to show jurisdiction in accordance with the undisputed fact. But we regard that as done which the parties have treated as done, and no order, therefore, is required. Kahn vs Kuhn, 44 Ark. 404; Molen vs Orr, Id. 486; Railway Co. vs Harper, Id. 524.'' Section 1310, Mansf. Dig. (section 812, Ind. T. Ann. St. 1899), relating to practice in the supreme court, is as follows: ''A judgment or final order shall not be reversed for an error which can be corrected on motion in the inferior courts until such motion has been made there and overruled." No motion was made in the lower court to require the commissioner to sign his transcript in the case at bar. The failure of the commissioner to subscribe to his certificate was an omission that might have been cured upon the application of either plaintiff or defendant, as provided in section 4142, Mansf. Dig. section 2822, Ind. T. Ann. St. 1899); and if the court should reverse this case, and hold that the court below had no jurisdiction to render judgment until such subscription had been made, when the cause is sent back to the trial court that court could do nothing more than require the commissioner to subscribe to the certificate. That subscription has already been made. When the appellants herein filed the affidavit and bond for appeal, the commissioner lost jurisdiction of the cause, and had no authority to proceed further, his duty being to file the original papers, with a copy of the proceedings had before him in the case, with the clerk of the court at South McAlister. This he did, and the court acquir-

(21)

ed jurisdiction for all purposes. Section 4139 (section 2819) provides that the justice shall file a "transcript of all the entries made in his docket relating to the cause," etc. What is a transcript? A transcript is defined by Webster: "First. A copy; a writing made from and according to an original; a writing or composition consisting of the same words with the original. Second. A copy of any kind." Mr. Anderson, in his Law Dictionary, defines a transcript to be: "First. A copy of an original record. Second. To copy, or to copy officially. Whence transcripted." Mr. Bouvier defines a transcript to be a copy of an original writing or deed. With these definitions in view, it is clear that there was a proper transcript filed in the office of the clerk at the time the judgment herein was rendered. It is the duty of the appellant to see that the transcript is filed as required, and, if he fails to do so, the circuit may, in its discretion, dismiss or affirm for failure to prosecute the appeal. Smith vs Allen, 31 Ark. 268; McGehee vs Carroll, Id. 550; Hughes vs Wheat, 32 Ark. 292. An informal affidavit for appeal from a justice of the peace may be amended in the circuit court; and, if not objected to there, it is not good practice to allow objections to it in the supreme court. Young vs King, 33 Ark. 745. No objection was taken to the transcript in the case at bar until after judgment and time to move for new trial had expired.

It appears from the certificate of the clerk, set out in the statement of facts supra, that all the record was not brought up, and, in the absence of a complete record, the presumption is that the action of the court was correct. We think the judgment of the court below was correct, and it is therefore affirmed.

CLAYTON, C. J., and THOMAS and GILL, JJ., concur.