OPPENHEIM VS O. W. RICHARDSON & CO.

Opinion delivered October 27, 1906.

(90 S. W. Rep. 480).

1.   An appeal from a Commissioner's Court was taken but two days before the beginning of the term of the court to which the appeal was

taken and the transcript was not filed before the first day of such term the appeal was subject to dismissal under Mansf. Dig. Art. 4139 (Ind. Ter. Ann. St. 1899) although the cause was not triable at that term of court under Mansf. Dig. Art. 4117 (Ind. Ter. Ann. St. 1899, Art. 2827).

2. *Criminal Law—Continuance—Absence of Witnesses.*

In a trial for murder defendant was granted a continuance from May 20, 1903, to the next term of court, which was the following January. On December 26, 1903 defendant caused supoena to issue for absent witnesses which was returned not found and second motion for continuance overruled. *Held*, That the court acted correctly in refusing the continuance.

3. *Criminal Law—New Trial—Newly Discovered Evidence.*

Where a motion for a new trial is based upon affidavit, which is vague and indefinite. Not error in refusing new trial.

4. *Criminal—Change of Venue.*

In granting a change of venue the application shall be by petition, supported by affidavit of some credible person, and where such petition is filed and the prosecuting attorney filed counter affidavits showing that affiant in application for such change of venue, was a person of bad moral character and unworthy of credit as a witness; and defendant fails to file affidavits to sustain affiant's credibility. *Held*, That it is within the discretion of the court to receive the oral testimony of witness as to facts affecting their own credibility and the court did not err in denying either of appellants applications for a change of venue after permission had been granted to withdraw witness' affidavit, as the statute had not been complied with.

5. *Criminal Law—Evidence.*

Evidence of the use of opium by witness cannot be introduced to impair credit, unless it be shown that the witness was under the influence of opium when examined. It is likewise inadmissible in order to attack veracity to prove the bad character of a female witness for chastity, or to show she is a prostitute.

6. *Criminal Law—Weapons—Instructions.*

Where the court instructed the jury that deceased had a right to draw his gun, and, if defendant pressed upon him, he would have a right to use it. *Held*, Evidence sufficient to support such instruction

7. *Criminal Law—Instructions—Assignment of Error.*

An assignment of error directed to an instruction to which no exception is made. *Held*, Is not' well taken.

8. *Criminal Law—Instructions—Manslaughter.*

It is not error for the court to refuse an instruction as to what constitutes manslaughter when there is no evidence tending to prove the same.

9. *Criminal Law—Instructions—Assumption of Facts.*

It is error for the court to assume facts in an instruction not authorized by the evidence.

10. *Criminal Law—Jurors—Bailiff.*

In the absence of a contrary showing it is presumed that the oath of the officer having custody of the jury as required by statute was properly administered.

11. *Criminal Law—Admonishing Jury.*

No objection being made or exception saved to admonishment of jury by the court. *Held*, Presumption is that the court did his duty, and hence there was no error.

Appeal from the United States Court for the Central District of the Indian Territory; before Justice Wm. H. H. Clayton (Nov. 17, 1904).

Action by O. W. Richardson & Co. against S. Oppenheim. From a judgment dismissing an appeal from the commissioner's court, and from an order denying an application to reinstate the same, defendant appeals. Affirmed.

On October 13, 1904, the plaintiff (appellee) filed its complaint against defendant (appellant) before the United States commissioner at South McAlester, alleging that defendant was indebted to plaintiff upon a verified account for goods sold in the sum of $25.75. On November 2, 1904, judgment was rendered for plaintiff against defendant for said amount and costs, by default. On November 12, 1904, defendant

filed affidavit and bond for appeal, and appeal was allowed. On November 15, 1904, appellee asked for an order to file transcript from Commissioner's Court, and that cause be placed upon the docket, which was allowed.   On November 17, 1904, appellee moved court to dismiss appeal and affirm the judgment in said. cause, and, it appearing to the court that appellant failed to file the transcript in this court within the time allowed by law, it is ordered that judgment be affirmed and appeal be dismissed.   On November 30, 1904, appellant filed motion to set aside the order dismissing the appeal in this case, and affirming the judgment of the court below, for the reason that this cause was not returnable for trial in this court until the next term.   The appeal having been taken less than 10 days before the first day of the present term of this court, the same would not legally stand for trial at this term.   On the 14th day of January, 1905, said motion was overruled, to which appellant excepted.   On same day appellant filed his amended motion to reinstate said cause, and for new trial:   "(1)   Because the court erred in permitting the appellee, upon the 16th day of November, 1904, to file transcript from the Commissioners' Court, and in dismissing the said appeal.   That the said cause was appealed from the said Commissioners' Court upon the 12th day of November, 1904, and that this court opened upon the 14th day of November, 1904, just two days after the appeal was allowed in this case; that the said cause did not therefore stand for trial at this term of the court.   (2)   That the court erred in so holding that the said cause stood for trial at this term, and that the said transcript should have been filed upon the first day of this term, and that the finding of the court was therefore contrary to the law and facts in this case.   (3)   That the court erred in overruling defendant's motion heretofore filed to reinstate this cause"—which motion was overruled by the court, to which appellant excepted and prayed an appeal to this court, which was granted.

*J. E. Whitehead,* for appellant.

*Mansfield, McMurray & Cornish,* for appellee.

TOWNSEND, J. (after stating the facts).   The appellant has filed two assignments of error, as follows:  "(1)   That the court erred in dismissing said appeal, for the reason that said cause did not stand for trial at the November term, and that the transcript was not due to have been filed in said court until the first day of the spring term thereafter.   (2) · That the appeal having been taken only two days before the term of court begun it was an abuse of discretion of the trial judge to dismiss said appeal and confirm the judgment below."

Appellant contends that under section 4147, Mansf. Dig. (Ind. Ter. Ann. St. 1899, § 2827), which says: "All appeals allowed ten days before the first day of the term of the Circuit Court next after the appeal allowed shall be determined at such term, unless continued for cause"—that this cause could not be determined at the November term, but would stand for trial at the spring term thereafter, because the appeal was not allowed ten days before the commencement of the said November term.   Under section 4139, Mansf. Dig. (Ind. Ter. Ann. St. 1899, § 2819): "On or before the first day of the Circuit Court next after the appeal shall have been allowed, the justice shall file in the office of the clerk of such court, a transcript of all the entries made in his docket relating to the cause, together with all the process and all the papers relating to such suit"—it is made the duty of the justice to file a transcript on or before the first day of the next term after the appeal shall have been allowed.   In Smith et al. vs Allen, 31 Ark. 268, it is said:  "Where an appeal is taken from the judgment of a justice of the peace, it is his duty to file a transcript in the office of the clerk of the Circuit Court on or

before the next term of that court, and it is incumbent on the appellant to see that the transcript is filed and the case docketed. If he neglects to do it, it is in the discretion of the Circuit Court to affirm the judgment of the justice." Under section 4152, Mansf. Dig. (Ind. Ter. Ann. St. 1899, § 2832), which says: "If the party appealing moves to dismiss in the Circuit Court, or fails to prosecute his appeal, it shall be at the option of the appellee either to proceed to trial on the appeal, or have judgment rendered for the amount of the original judgment and costs, where it was in his favor, or in bar of the original judgment, where it was against him"—this statute authorizes the appellee to have his judgment affirmed if the appellant fails to prosecute his appeal. In Hughes vs Wheat, 32 Ark. 296, the court said: "But in the absence of any showing whatever, we cannot say that the court below abused its discretion in dismissing the appeal because the transcript, etc., was not filed within the time prescribed by the statute. To do so would be to disregard the statute." The appellant failed to prosecute his appeal as the law requires. The appellee simply pursued the remedy given him by the statute, and in the absence of any showing by the appellant, the court could do nothing but affirm the judgment upon the application of appellee. This court will not reverse where the only ground stated is the appellant's own negligence.

Therefore the judgment of the court below is affirmed.

GILL, J. concurs. RAYMOND, C. J., not participating