PERRY vs MORRIS.

Opinion rendered September 26, 1907.

(104 S. W. Rep. 571).

1. *Indian Territory Courts—Appeal—Dismissal.*

> In an appeal from a commissioner's court, where through negligence of the appellant in not providing the necessary advance fee, the transcript is filed on the third day of the next term of the appellate court after the appeal has been allowed, and not on or before the first day, as the statute requires, the exercise of discretion as to dismissing the appeal will not be disturbed, because the statute which allows the appeal is to be strictly construed.

2. *Judicial Notice—Act of Congress.*

> The Indian Territory Court of Appeals takes judicial notice of the act of Congress which requires that fees be advanced before a clerk of the District Court may file the transcript on an appeal from the commissioner's court and docket the case.

Error to the United States Court for the Central District of the Indian Territory; before Justice Thos. C. Humphry, October 18, 1905.

Action by W. W. Morris against A. E. Perry. From a judgment for plaintiff, defendant appealed to the United States Court for the Central district of Indian Territory, and from a judgment dismissing the appeal defendant brings error. Affirmed.

*Arthur G. Mosely*, for plaintiff in error.

*O. M. Threadgill*, for defendant in error.

LAWRENCE, J. Defendant in error recovered a judgment against plaintiff in error, in the commissioner's court, for $250 and costs. Plaintiff in error undertook to appeal therefrom to the District Court, and upon the day and at the time of rendition of the judgment, gave notice, in open court, that he would appeal, and within the time provided by statute

he filed with the commissioner the required affidavit of good faith in taking the appeal, and presented to the commissioner his appeal bond, which was duly approved. This occurred more than 10 days prior to the first day of the term of the court to which the appeal was taken, and within 30 days after the judgment of which complaint is made. Thereupon the appeal was perfected, so far as the commissioner's court was concerned, except it was the duty of the commissioner to make and file in the office of the clerk of the District Court a transcript of all entries in his docket, with all the papers and files belonging to the case, on or before the first day of the term of the District Court, provided the costs required by statute be paid by the appellant, which is a condition precedent to the perfection of the appeal in the District Court. The appeal was not filed in the office of the clerk of the District Court until the third day of the term. Upon that day appellee moved the court for an order dismissing the appeal, supported by affidavits, among them being that of the commissioner who tried the case, which contained the positive statement that the reason the transcript was not filed upon the first day of the term was the appellant had not furnished the requisite fee to be paid to the clerk of the district to entitle it to be filed. The appellant appeared and resisted the motion, and filed his affidavit, but omits therefrom a denial of the commissioner's statement that the necessary fee for filing the transcript had not been furnished. The court sustained the motion to dismiss the appeal, and rendered judgment against this plaintiff in error for the costs, and that execution issue, to which said plaintiff duly excepted. From this judgment and action of the District Court he prosecutes his writ of error.

An appeal of this character is purely statutory. Unlike the writ of error, it is not peculiarly favored. Therefore the statute is to be strictly followed. One of the statutory requirements is that: "On or before the first day of the Circuit

(District) Court, next after the appeal shall have been allowed, the justice (commissioner) shall file in the office of such court a transcript of all the entries made in his docket relating to the cause, together with all the process and all papers relating to such suit." The Supreme Court of Arkansas, in construing this section of the statute, say: "It is the duty of appellant to see that the transcript is filed as required, and if he fails to do so the Circuit Court may, in its discretion, dismiss or affirm for failure to prosecute the appeal." Smith vs Allen, 31 Ark. 268; McGehee vs Carroll, Id. 550; Hughes vs Wheat, 32 Ark. 292. There was no accident, fraud, or mistake intervening to prevent the plaintiff in error from complying with the statute. Had there been, we must assume the court would have exercised its discretion in granting the prosecution of the appeal. There is not the slightest equity appearing in behalf of plaintiff. It is a clear case of negligence on his part in not providing the necessary advance fee for the clerk of the District Court, to entitle him to become a litigant therein. This court takes judicial notice of the provisions of the act of Congress which requires fees of this sort to be advanced before the clerk has authority to file the transcript and docket the case.

We fail to find any abuse of discretion in dismissing this appeal and rendering judgment against the appellant for the costs, and we do therefore affirm the same.

GILL, C. J., and CLAYTON and TOWNSEND, JJ., concur.